HOLLAND, *Appellant*, v. KREIDER.

**Homestead.** The owner of a homestead, which is not liable to execution for a debt against him, can convey it to a purchaser, who will take it exempt from the same liability.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*F. H. Sheppard* for appellant.

(1) An estate by the curtesy, or a marital estate for joint lives, will support a homestead. Thompson on Homesteads (1 Ed.) 174. (2) When a homestead is abandoned judgment liens attach. Thompson on Homesteads (1 Ed.) sec. 263, *et seq.* Sale is abandonment. *Ibid.* (3) A man may not have two homesteads at once. Thompson on Homesteads (1 Ed.) sec. 579; *Eberhart's Appeal,* 39 Pa. St. 509. (4) A judgment is a dormant

Holland v. Kreider.

lien which becomes effective whenever the owner of a homestead alienates within three years after rendition. *Eaton v. Ryan,* 5 Neb. 47; *Allen v. Cook,* 26 Barb. 374; *Norris v. Kidd,* 28 Ark. 492, 7; *Eberhart's Appeal,* 39 Pa. St. 509; *Whitworth v. Lyons,* 39 Miss. 467; *Hoyt v. Howe,* 3 Wis. 752; *Tillotson v. Millard,* 7 Minn. 513; Smyth on Homestead and Exemption (1 Ed.) secs. 144, 186. (5) The decision below cannot be supported on the ground that the land was exempt as Kreider's homestead. The evidence shows that he bought on the twenty-seventh and filed his deed on the twenty-ninth. R. S. 1879, sec. 2695.

*T. W. Kersey* for respondent.

"The law in securing a homestead does not render its humane provision ineffectual by prohibiting an alienation of the premises. . The householder may sell his homestead, and with the proceeds acquire another. This would be impossible if the alienation of the first would subject it to judgment debts of the vendor. A judgment creates no lien upon a homestead, and, therefore, none will follow it into the hands of the vendee." *Beckmann v. Meyer,* 75 Mo. 333; *Greene v. Marks,* 25 Ill. 221; *Cole v. Green,* 21 Ill. 104; *Smith v. Allen,* 39 Miss. 469; *Smith v. Rumsey,* 33 Mich. 191; *Black v. Epperson,* 40 Tex. 162; Wagner's St., p. 698, sec. 8. "When a new homestead is acquired the former one loses its exemption from liability for debt, but this manifestly applies only to cases wherein the first is retained as the property of the debtor. The concluding part of the section recognizes a power to sell one homestead and purchase another with the proceeds." *Beckmann v. Meyer,* 75 Mo. 333.

NORTON, J.—This is an ejectment suit to recover the possession of certain lands in Greene county, described

in the petition. On the trial, defendant recovered judgment, from which the plaintiff has appealed. The evidence in the case shows that J. C. Franklin was the common source of title, and occupied the land as a homestead, from 1863, till he sold it to defendant, in September, 1879 ; that on the twelfth of May, 1879, judgment was rendered in the Greene county circuit court in favor of *C. B. Holland et al. v. J. C. Franklin et al.* ; that on the twenty-seventh of September, 1879, J. C. Franklin and wife conveyed the said land, occupied as a homestead, to defendant Kreider, by deed of general warranty, which was duly recorded September 29, 1879 ; that after this sale, execution, which issued on said judgment against said Franklin, was levied on said land, and it was sold, plaintiff becoming the purchaser, and receiving a sheriff's deed therefor, dated January 23, 1880, which was filed for record February 28, 1879.

On this state of facts the court gave the following instruction :

"That a homestead, to the extent of one hundred and sixty acres, and not to exceed the value of $1,500, is exempt from execution where the debt sued on is created subsequent to the acquiring of the homestead ; and if J. C. Franklin owned and occupied the land sued for in this action, as his homestead, at the time the debt upon which plaintiff obtained judgment was made, and continued to own and occupy said land, as his homestead, until he sold the same to defendant Kreider, then the title passed to said defendant, and was not subject to plaintiff's execution, and plaintiff cannot recover in this action."

The court refused to give declarations of law asked by plaintiff, asserting his right to recover on the sheriff's deed, under the facts in evidence.

The instruction given by the court was fully warranted by the ruling of this court in the case of *Beckmann v. Meyer*, 75 Mo. 333. In that case, the father, being

the owner of a homestead, conveyed it to his son for the consideration of $1,800. After this conveyance was made, the land was levied upon by an execution which issued on a judgment against the father ante-dating the sale to the son, and under this execution the land was sold. On this state of facts it was ruled that the son would hold the land against the execution purchaser at such sale. One of the grounds upon which the decision is based, is that the judgment did not create a lien on the homestead, and it having been bought and paid for in good faith by defendant when it was free from judgment lien, the title acquired by the purcahser was unaffected by the execution sale, and this view of the case is sustained by the Michigan and Illinois cases referred to in the opinion, to which may be added the case of *Danforth v. Beattie et al.*, 43 Vt. 138, where a mortgage of the homestead was held to be valid as against creditors, on the ground that the homestead was not attachable.

The decision was, also, put upon the ground that our statute recognizes the right to sell one homestead and purchase another with the proceeds. This view of the case is fully sustained by the Texas case, cited in the opinion.

Judgment affirmed. All concur.