THOMPSON *et al.*, *Appellants*, v. NEWBERRY, *Administrator*, *et al.*

Suit to Quiet Title: POSSESSION: HOMESTEAD. Parties not in possession of land in which they claim a legal estate of homestead, cannot maintain a suit against those in possession to remove a cloud on the title, created by an executor's sale to pay debts; especially where one of the debts for which the land was sold was contracted before the passage of the homestead law, and the claim of homestead has been denied by the probate court.

*Appeal from Madison Circuit Court.*—HON. J. L. THOMAS, Judge.

AFFIRMED.

*J. Perry Johnson* for appellants.

(1) The actions and proceedings of James C. Thompson, as executor of Richard Thompson, deceased, would and could not estop the heirs-at-law of Lucinda R. Thompson, the widow of Richard Thompson, at her death, from claiming the homestead, which, under the

laws of 1865, descended to her in fee-simple, there being no minor heirs, and which at her death descended to her heirs-at-law. G. S. 1865, sec. 5, p. 450; *Skouten v. Wood*, 57 Mo. 380; *Gragg v. Gragg*, 65 Mo. 343; *Rogers v. Marsh*, 73 Mo. 64; *Register v. Hensley*, 70 Mo. 189; *Freund v. McCall*, 73 Mo. 343; *Beckman v. Myers*, 75 Mo. 333. (2) The giving of real estate to the wife, by will, does not bar her homestead right under the laws of 1865. (3) The homestead of Richard Thompson, who died on the ninth day of October, 1873, seized in fee-simple, descended in fee-simple to Lucinda R. Thompson, his widow, and there being no minor children at her death, October 6, 1874, the estate vested in her children and heirs-at-law, and did not become liable to her husband's debts. *French v. Stratton*, 79 Mo. 560; *Freund v. McCall*, 73 Mo. 343; *Skouten v. Wood*, 57 Mo. 380. (4) The sale by an administrator for decedent's debts will not divest the right of the widow, there being no minor heirs, unless the debts for which it was sold were "legally charged thereon in his lifetime." R. S., 1879, sec. 2693; *Rogers v. Marsh*, 73 Mo. 64; *Freund v. McCall*, 73 Mo. 343; *Kelsey v. Frazier*, 78 Mo. 111. (5) No election or other act on the part of the widow, Lucinda R. Thompson, was necessary to protect her interest. The estate vested in her immediately on the death of her husband. *Skouten v. Wood*, 57 Mo. 380; *Gragg v. Gragg*, 65 Mo. 343; *Seek v. Haynes*, 68 Mo. 13; *Rogers v. Marsh*, 73 Mo. 64. (6) The debt due Madison county was a third-class claim, and the evidence in the cause shows that there was ample personal estate out of which to pay all except fifth and sixth-class claims. There could be no valid sale of land to pay debts until the personal estate was exhausted, or shown to be insufficient for that purpose. R. S., 1879, sec. 184, clause 3; secs. 212 and 146; *Fenix v. Fenix*, 80 Mo. 27. (7) Administrator's sale of land to pay debts will not divest homestead right unless made to

pay debts contracted before filing of the deeds under which homestead is claimed. And the burden of proving that they were so made rests upon the one denying the right. *Rogers v. Marsh*, 73 Mo. 64; *Kelsey v. Frazier*, 78 Mo. 111. (8) No title passed to Overfield or his legal representatives by reason of his purchase. *Wahlien v. Spect*, 18 Mo. 561; *Mabley v. Nave*, 67 Mo. 546; *Mitchell v. Bliss*, 47 Mo. 354. (9) But while such sale carried no title, it is yet a cloud on the title that equity should remove by setting it aside. *Vogler v. Montgomery*, 54 Mo. 577; *Harrington v. Utterback*, 57 Mo. 519; *Clark v. Ins. Co.*, 52 Mo. 272; *Bank v. Evans*, 51 Mo. 335; *Stewart v. Caldwell*, 54 Mo. 336. (10) The executor's sale in this case was irregular and void. *Mitchell v. Bliss*, 47 Mo. 353; *Sims v. Gray*, 66 Mo. 613; *Wilcox v. Osborne*, 77 Mo. 621. (11) The probate court, under the laws of 1865, could not, legally, order the sale of lands connected with the homestead without first appointing commissioners and having homestead set out in pursuance to statute of 1865. The homestead descending to the widow in fee, there was no remainder for the order of sale to act upon. G. S., 1865, p. 450, sec. 5; R. S., sec. 2693; *Skouten v. Wood*, 57 Mo. 380. And a sale of the homestead, except in the manner provided by statute, is absolutely void. *Rogers v. Marsh*, 73 Mo. 64, 66.

*Edwards, Cahoon & Cahoon* for respondents.

(1) The widow acquired no homestead under the will, unless she elected, in twelve months after the probate of the will, not to take under it, which she did not do. There was no limitation on the testator so willing it. Even by mortgage, the husband, without the assent of the wife, at the time this will was made, could alienate from the wife the homestead. Thompson on Homesteads, sec. 544; R. S., 1879, sec. 679; *Meech v. Meech*,

Thompson v. Newberry.

37 Vt. 419 ; *Davidson v. Davis*, 86 Mo. 440 ; *Register v. Hensley*, 70 Mo. 189 ; *Daudt v. Music*, 9 Mo. App. 174 ; Herman on Estoppel, 466 ; *Smith v. Guild*, 34 Me. ; *Martin v. Ives*, 17 S. & R. 364. (2) No one could exercise the widow's right of election for her, even within one year. *Bryant v. Christian*, 58 Mo. 98. (3) Land does not descend to adult heirs as a homestead. Plaintiffs took what interest they had in the land from Richard Thompson. The sale to Overfield gave him a perfect title, unappealed from, as the report of the sale was. *Jackson v. Bowles,* 67 Mo. 609 ; *Tutt v. Boyer*, 51 Mo. 425 ; *Speck v. Wohlein*, 22 Mo. 310 ; *Jackson v. Magruder,* 51 Mo. 55. (4) All informalities in the sale to Overfield, even if there were any (and there were none at all), are cured, unless the report of sale is appealed from. *Strouse v. Denman*, 41 Mo. 289 ; *Woodworth v. Woodworth*, 70 Mo. 601 ; *Danforth v. Love*, 53 Mo. 217 ; *Tutt v. Boyer*, 51 Mo. 425 ; *Scott v. Cruse*, 72 Mo. 263 ; *Johnson v. Beazley*, 65 Mo. 250 ; *Jeffries v. Wright*, 51 Mo. 221 ; Freeman on Judg., sec. 524 ; *State ex rel. v. Weatherby*, 45 Mo. 20 ; *Mc Vey v. Mc Vey*, 51 Mo. 406. (5) Before a homestead could vest in Lucinda Thompson, one had to be set off from the 192.62 acres, worth in 1873 more than fifteen hundred dollars, and as it was not done before her death, she had no vested homestead, and her adult children take none. Thompson on Homesteads, secs. 502, 509 ; *Brawley v. Ramey*, 67 Mo. 280 ; *Jackson v. Bowles*, 67 Mo. 615 ; R. S. 1879, sec. 269 ; *Vogler v. Montgomery*, 54 Mo. 69 ; *Bretz v. Matney*, 60 Mo. 444. (6) At least, a part of the debts, to pay which the sale was made, are older than the homestead law. For that reason the sale must be sustained. W. S., p. 669, secs. 7, 8 ; *O'Shea v. Payne*, 81 Mo. 516 ; R. S. 1879, sec. 2695 ; *Farra v. Quigley*, 57 Mo. 284 ; *Rogers v. Marsh*, 73 Mo. 69 ; *Kelsey v. Frazier*, 78 Mo. 111. (7) The will and the oral testimony show that Lucinda Thompson accepted the terms of said will, and went to live with James C.

Thompson after her husband's death, and not only never claimed, but, in fact, never intended to claim a homestead. She, then, as to Overfield, would have been precluded from claiming a homestead now, and her privies in blood (these appellants) stand in her shoes, and are likewise precluded. *Prim v. Robotham*, 56 Mo. 407; *Thistle v. Buford*, 50 Mo. 278; *Austin v. Loring*, 63 Mo. 19; *Slagel v. Murdoch*, 65 Mo. 522. Even married women and minors are estopped under circumstances like these. *Buck v. Fenton*, 29 Am. Rep. 490; *Shivers v. Simmons*, 28 Am. Rep. 372, 377; 8 South Law Rev. 319 to 323; *Taddikin v. Cantrell*, 25 Am. Rep. 253. (8) If the sale to Overfield was really a cloud on plaintiffs' title, even if they had any, the remedy is not the present one. *Harrington v. Utterback*, 57 Mo. 519; *Vogler v. Montgomery*, 54 Mo. 577. (9) If the probate court had jurisdiction to set off the homestead claimed by appellants, then its judgment, adverse to the claim of appellants, is a final adjudication of this whole homestead question, the dismissal of the judgment of the probate court leaving that judgment in full force.

NORTON, C. J.—It appears from the record in this case that Richard Thompson, on the ninth of October, 1873, died seized in fee of 192 and 62-100 acres of land in Madison county, leaving his widow, Lucinda, and several adult, but no minor, children; that said Thompson acquired title to said land many years before the passage of any homestead law, and lived with his family on the same till his death; that, after his death, his widow remained in the mansion-house till after the inventory of the estate had been taken, which occurred a short time after his death, when she went to live with her son, James C., who had been permitted to occupy and live upon eighty acres, a part of said tract of 192 and 62-100 acres; that the widow died on the sixth of October, 1874, within three days of a year after her husband's

death, without having asserted any claims either to dower or homestead ; that said Richard Thompson died, leaving a will, which was duly probated, and his son, James C., qualified as executor ; that debts aggregating about two thousand dollars were proved up and allowed against his estate, and assigned to the fifth class, one of them being a debt to the county for school money loaned, and contracted anterior to the enactment of the homestead exemption law.

It further appears that, in 1876, said executor filed his petition in the probate court setting forth that the personal property was insufficient to pay the debts, and praying for the sale of one hundred and twelve and sixty-two one-hundredths acres of land to pay the same, the school-fund debt being one of them ; that an order of publication was made and published, and at the April term, 1876, of said court, an order was made for the sale of the said real estate, as prayed for, under which it was sold, on the eleventh of July, 1876, to Richard Overfield, for seven hundred dollars, who, after paying one hundred and fifty dollars, one-fifth the amount of his bid, and executing his note for the balance, went into possession ; that report of this sale was made at a subsequent term of said probate court, in 1878, and approved ; that said Overfield died without completing the payment of the balance of the purchase money ; that the said balance was proved up and allowed against his estate, which is solvent, with sufficient assets to pay the debts against it ; that a debt for about eight hundred dollars was allowed against the estate of said Richard Thompson in favor of said Overfield by the probate court, which was one of the debts for the payment of which the land was sold.

It further appears that, after this sale, the said James C. Thompson instituted suit, in the circuit court of Madison county, against the heirs of said Richard Thompson, and also making the creditors, who had

proved up claims against the estate of said Richard, parties, in which suit he claimed that said Richard, in his lifetime, had given him the eighty acres of land remaining unsold, for a consideration set forth in his petition ; that all of the adult heirs appeared, but made no defence, the minor heirs being represented by guardian *ad litem*. In this suit the creditors filed answer, and on the trial the court adjudged that the plaintiff had neither the legal nor the equitable title to said land, and sustained the defence of the creditors. After this decree, the said James, who was still the executor of said Richard, filed a petition in the probate court for the sale of the eighty acres remaining unsold, to pay the debts proved up against the estate, and remaining unpaid after the application of the proceeds of the first sale ; an order of publication was made, upon proof of the publication of which an order of sale was made. Before the execution of the order, James C. Thompson, the executor, was removed, and William Newberry was appointed administrator with the will annexed, and during the pendency of the proceeding, and before the removal of said James, the plaintiffs in this suit filed their petition in the probate court, making him a party defendant, as well as administrator and heirs of F. T. Overfield, asking the court to appoint commissioners and set apart to them a homestead, basing their claim thereto as the heirs of their mother, Lucinda Thompson, deceased, and averring that the land in question was not subject to sale for the payment of the debts of their father, Richard Thompson, deceased.

All parties, at the August, 1882, meeting of said court, appeared, and, on a trial being had, the court rendered judgment for the defendants, from which the plaintiffs appealed to the circuit court, and dismissed their appeal at the September term, 1882, of said court, and, thereupon, instituted this present suit in equity to

Thompson v. Newberry.

remove a cloud on their title by declaring the sale made by order of the probate court to Overfield, and the order of sale subsequently made, void, and for the appoint-ment of commissioners to set apart to them a homestead. On the trial judgment was rendered for the defendants, from which the plaintiffs have appealed.

Inasmuch as it appears from the petition that plaintiffs, who set up a legal title to the premises in dispute, were out of possession, and defendants in possession, when suit was brought, the judgment of the circuit court may be upheld on the authority of the cases of *Keane v. Kyne*, 66 Mo. 216, and *Clark v. Insurance Company*, 52 Mo. 272, where it is held that a party having the legal title and being out of possession, and defendant being in possession, cannot invoke equitable jurisdiction to remove a cloud on such title; especially is this so in view of what is said in the case of *Crisp v. Crisp*, 86 Mo. 630, where it is held that the failure of a sheriff selling, under execution, land which contains a homestead, to assign such homestead to the debtor, does not render the sale void, and that, in ejectment by the purchaser at such sale, the court may cause the homestead to be assigned.

In view of the above, and the fact that the land in question was subject to sale for the payment of the debt to the county, contracted anterior to the passage of the homestead law, and in view of the judgment of the probate court in the proceedings instituted by the plaintiffs to have a homestead assigned to them, we are of the opinion that the judgment is for the right party, and it is hereby affirmed. All concur.