Grimes v. Portman.

---

### GRIMES v. PORTMAN *et al., Appellants.*

1. **Homestead.** Two contiguous tracts of land, both constituting one farm or plantation, will be regarded as a homestead although only one tract is occupied as a residence.

2. ———: LIEN. Where the real estate of the judgment debtor is not subject to levy and sale to satisfy the judgment, no lien attaches thereon by reason of the judgment.

3. ———: POWER OF DISPOSAL. One may sell, mortgage or give away his homestead.

| | |
|---|---|
| 99 | 229 |
| 104 | 337 |
| 99 | 229 |
| 59a | 335 |
| 99 | 229 |
| 131 | 691 |
| 99 | 229 |
| 160 | 31 |
| 99 | 229 |
| 179 | ¹370 |

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*J. H. Shanklin* and *George Hall* for appellants.

(1) The homestead exemption is a personal privilege, which cannot be transferred to a stranger. *Eberhart's Appeal*, 80 Amer. Dec. 536; Thompson on Homesteads, sec. 452; *United States v. Grundy*, 3 Cranch, 337; *Best v. Jenks*, 13 West. Rep. (Ill.) 281; *Kent v. Holland*, 10 Mo. 259; *Shuyler v. Miller*, 11 West. Rep. 256; *Welch v. Anderson*, 28 Mo. 293; *Davidson v. Davis*, 86 Mo. 440; *Casebolt v. Donaldson*, 67 Mo. 308; R. S. 1879, secs. 2690, 2693, 2369. (2) The Chrisman judgment under which the defendant claims title was a prior lien to the deed of trust under which plaintiff claims. And Wilson, the deceased, could not by waiving his homestead right as to the Grimes deed of trust give him a preference over the prior judgment creditor. Where a creditor waives his homestead as to one creditor, he waives it as to all. *Pitman's Appeal*, 48 Pa. St. 315; *Shelley's Appeal*, 36 Pa. St. 373; *Bowyer's Appeal*, 21 Pa. St. 211; 5 Cent. Law. Jour., p. 278; *Bunn v. Lindsey*, 95 Mo. 250.

*R. A. DeBolt* and *A. W. Mullins* for respondent.

(1) "A judgment creates no lien upon a homestead, and therefore none will follow it into the hands of the vendee." And, in this case, the land in question being a part of Samuel Wilson's homestead, it follows that the judgment rendered in favor of Michael Chrisman against said Wilson created no lien upon said homestead. *Beckmann v. Meyer*, 75 Mo. 333, 336, and authorities there cited ; *Holland v. Kreider*, 86 Mo. 59;

Freeman on Judgments, sec. 355; Freeman on Executions, sec. 249, pp. 388–389; *State ex rel. v. Mason*, 88 Mo. 222. (2) Wilson and his wife had the power and lawful right to mortgage their homestead or any part of it, and such mortgage was valid and binding against them and all persons claiming under them. R. S., sec. 2689; Acts, 1873, pp. 16–17; *Holland v. Kreider*, 86 Mo. 59, 62; Thompson on Homesteads, sec. 456; Freeman on Judgments, sec. 355; *State ex rel. v. Mason*, 88 Mo. 222. (3) Unless the real estate of the judgment debtor is subject to levy and sale under execution to satisfy such judgment, no lien attaches upon the realty by reason of such judgment Freeman on Judgments, secs. 339, 340, 355; Freeman on Executions, sec. 249, and authorities cited in note 1, on page 389.

RAY, C. J.—This is an action of ejectment, the petition being in the ordinary form. It was originally instituted against defendant Portman alone, but, afterwards, the Union Bank, upon its own motion, was also made a defendant, and defendants answered jointly by a general denial. The defendant bank, by deed, dated in March, 1883, conveyed the lands involved herein to defendant Portman, who was, when the suit was brought, in possession of the premises. The case was tried to the court without a jury, and judgment had for plaintiff, from which defendants have appealed.

Plaintiff claims title under a deed of trust, executed October 7, 1878, by one Wilson and wife, on the one hundred and twenty acres in suit and under the sale of foreclosure, at which plaintiff became the purchaser and received a deed in due form, the same being acknowledged and recorded, September 7, 1882.

The defendants derive title under a judgment obtained in January, 1878, by one Chrisman against said Samuel Wilson, in the circuit court of Grundy county, for eight hundred and forty-five dollars, which

judgment passed by successive assignments to the defendant, the Union Bank. After the death of said Wilson, in January, 1879, the said judgment was duly classified in the probate court, and the administrator of said Wilson's estate thereafter, upon proper petition reciting said judgment, and upon proper orders and proceedings in that court for the sale of the lands of the deceased for the payment of debts, sold said lands, including those in suit, and the Union Bank, becoming the purchaser of the one hundred and twenty acres involved, as well as other lands belonging to said Wilson, received the administrator's deed therefor.

The bill of exceptions, among other things, recites as follows: "That the plaintiff to sustain the issues on his part introduced testimony, which was not controverted by any evidence offered by defendants, and which said testimony, offered by plaintiff, tended to prove that one Samuel Wilson died at Grundy county, Missouri, on the first day of January, 1879; that, at the time of his death and for many years prior thereto, to-wit, fifteen years and more, said Wilson was seized and possessed of the land in controversy, the title thereto being evidenced by patents of record ; that said Wilson also owned about twenty-seven and one-half or twenty-eight acres adjoining the land in question on the east on which he resided with his family; that said Wilson, at the time of his death and for many years prior thereto, was the head of a family; that, since about the year 1857 or 1859, said Wilson resided on said tract of about twenty-eight acres continuously, and that, during all that time, said small tract was the place of abode of himself and family; that the one hundred and twenty acres in controversy lay joining said twenty-eight-acre tract, and that the one hundred and twenty acres, in controversy, had, during his residence aforesaid, constituted the farm and plantation and homestead of said Wilson; that the one hundred and twenty acres in controversy

had for many years been mostly under fence, and a large part of it under tillage; that the twenty-eight acres and the one hundred and twenty acres in controversy, in 1878, were, together, worth about thirteen hundred dollars, and had not been worth exceeding that sum, and that the rental value of the one hundred and twenty acres in controversy was about one hundred and twenty or one hundred and twenty-five dollars per year.''

It may also be added in this behalf, that the evidence also shows a declaration on the part of said Wilson, at the time of said conveyance, in trust for the use and benefit of plaintiff, that the tract conveyed (being the one hundred and twenty acres in suit) was a part of his homestead, and that he requested leniency in respect to the payment on that account.

The evidence shows very clearly that the land in question was a part of Wilson's homestead. The family abode was, it is true, on the contiguous twenty-eight-acre tract adjoining on the east, and Wilson owned other lands some of which were contiguous and others detached, but the bill of exceptions, as we have seen *supra*, expressly states that during his said residence of fifteen or more years the one hundred and twenty acres " constituted the farm and plantation and *homestead* of said Wilson.''. The twenty-eight-acre tract and the one hundred and twenty acres in suit were together less both as to quantity and value than the statute authorizes.

There is no question now before us on this record in respect to the validity or effect of the Chrisman judgment as to the other lands owned by Wilson, but the said judgment created, we apprehend, no lien upon the homestead of Wilson or upon any part thereof.

Where the real estate of the judgment debtor is not subject to levy and sale to satisfy the judgment, no lien attaches thereon in virtue or by reason of the judgment.

Freeman on Judg., secs. 339, 340, 355; Freeman on Executions, sec. 249.

A party may sell or mortgage his homestead or·any part thereof. "His creditors have no concern with it. He may give it away and they are not prejudiced." *State ex rel. v. Mason*, 88 Mo. 228; *Holland v. Kreider*, 86 Mo. 59; *Beckmann v. Meyer*, 75 Mo. 333.

Wilson and wife themselves might however lawfully. mortgage their homestead or any part of it, and the mortgage would be valid and binding as against them and all parties claiming under them. R. S. 1879, sec. 2689; Thompson on Homesteads, sec. 456; Freeman on Judgments, sec. 355.

It follows, therefore, from these views that the administrator's sale and deed, so far as the homestead and the one hundred and twenty acres in controversy are concerned, did not pass the title.

The quitclaim deed, executed by the widow of said Samuel Wilson, of date, March 20, 1879, did not pass any title or interest in the lands in suit, for the reason that she had previously, and in October, 1878, joined with her husband in his lifetime in the execution of the said deed of trust for the use and benefit of plaintiff.

The one hundred and twenty acres in controversy being, as the evidence shows, and as the trial court found, a part of the homestead so owned and occupied by said Wilson, he held the same free from any encumbrance or lien of the judgment under which defendants claim, and as he and his wife might lawfully execute the trust deed conveying the land in question by their own voluntary act and deed, and have jointly done so, the title has by the subsequent foreclosure sale thereunder vested in plaintiff.

The action of the trial court in giving and refusing declarations of law was in harmony with the views here expressed, and, as we find no material error in the record, we affirm the judgment. All concur.