JULIA CASHMAN, Appellant, v. THE HEIRS OF JEREMIAH CASHMAN, Respondents.

St. Louis Court of Appeals, October 25, 1892.

1. **Adverse Possession of Vacant Lot:** SUFFICIENCY OF EVIDENCE. The payment of taxes on a vacant lot, without the exercise of any other acts of ownership, is not sufficient to create title to the lot by adverse occupancy.

2. **Action in Equity to Remove Cloud from Title:** SCOPE OF THE PROCEEDING. In an action in equity to remove a cloud from the title to real estate, the court only interferes to set aside instruments which have been or may be recorded, and which might injuriously affect the title of the plaintiff.

3.  ———: ———.  A person, claiming and appearing to be entitled to realty as the only heir of a decedent, instituted an action to remove a cloud from his title arising from an uncertainty as to whether he was, in fact, such heir. The action was instituted by publication, and was brought against the heirs of the decedent without naming them. *Held*, that it could not be maintained.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

Affirmed *(and certified to the Supreme Court).*

*Carlisle & Ottofy*, for appellant.

No brief filed for respondents.

Biggs, J.—There was no appearance in the circuit court on the part of the defense. At the conclusion of the evidence the court dismissed the cause, and the plaintiff has appealed.

The plaintiff claims to be the owner of a certain lot in the city of St. Louis by reason of an adverse possession for more than the statutory period of limitation. Her counsel denominate this action as one in equity to remove a cloud upon her title. Conceding that a title acquired by prescription will authorize the institution of a suit to remove a cloud from the title thus acquired, yet the judgment of the circuit court, under the view thus taken of the case, must be affirmed, because the plaintiff's evidence failed to make out a case of adverse possession. According to her own testimony the lot has always been vacant, and she admitted that she only paid the taxes thereon, without exercising any other acts of ownership. This was not sufficient to create title by adverse occupancy. *Chapman v. Templeton*, 53 Mo. 463. Besides, if the action is to be treated as an equitable one to remove a cloud upon the plaintiff's alleged title, there is nothing, as

appears by the evidence, upon which the jurisdiction of the court could have been made to operate. For the protection of the true owner of land, courts of equity *only* interfere to set aside instruments which have been or may be recorded, and which might injuriously affect the title of such owner. Now, in this case, the evidence showed that Jeremiah Cashman, the plaintiff's husband, died in 1869; that, at the time of his death, the title to the lot in controversy was vested in him, and that he claimed to be the owner thereof, and nothing since has occurred affecting the record title. As the alleged adverse occupancy by the plaintiff occurred subsequently to the death of her husband, and as his title was in no way questioned, it is difficult to understand upon what the decree of the court could have operated, even though the plaintiff had established an adverse possession for the requisite time.

But there is another view of this proceeding which we ought to notice. Cashman died intestate in 1869, and, so far as the records of the probate court show, the plaintiff was his only heir. She testified on the trial, that, so far as she was informed, the deceased, at the time of his death, had no children, or their descendants, father, mother, brothers or sisters. If so, then the plaintiff, under the statute of descents and distributions, inherited the property in question as the sole heir of her husband. Now, under such circumstances, was it possible for the court, by any decree which it might have entered, to relieve the plaintiff's title of this uncertainty? Assuredly not. It must be remembered that this proceeding was instituted by publication only, and is against the heirs of Jeremiah Cashman without even naming them. How the court, by its judgment, could have affected the title of anyone to the lot in controversy we cannot conceive. The

decree would have been worthless, which is conclusive against the jurisdiction of the court.

We, therefore, conclude that, under any view, the judgment of the circuit court was right, and it must be affirmed. Judge THOMPSON is of the opinion that the title to land is involved within the meaning of the constitutional amendment, which limits the jurisdiction of this court, and that the question has been so decided, at least inferentially, by the supreme court. *Thompson v. Newberry*, 93 Mo. 18; *Higgins v. Beckwith*, 102 Mo. 456. For this reason the cause will be transferred to the supreme court. It is so ordered. All the judges concur.