Macke v. Byrd.

---

MACKE v. BYRD *et al., Plaintiffs in Error.*

In Banc, December 23, 1895.

1. **Homestead:** SALE: SURPLUS: JUDGMENT LIEN. Land was set apart as homestead to a defendant in execution; afterward another judgment was obtained against him; he then sold the homestead to a third party for a sum in excess of the statutory limit of homestead value: *held,* that the lien of the latter judgment did not attach to the surplus value of the homestead, as against the purchaser, in the absence of any attempt before the sale to ascertain the excess and set apart the true homestead (overruling several earlier decisions).

2. **Land:** REAL ESTATE: STATUTE. The definition of "real estate," given in section 6570 (R. S. 1889), is only applicable when not repugnant to the legislative intent, or to the context.

3. **Homestead:** JUDGMENT LIEN. The lien of a judgment does not attach to homestead property as against the homesteader, or his vendee.

4. ———: EXECUTION. Where property claimed as a homestead exceeds the statutory limits, the excess must be defined, and set apart, before it can be subjected to sale on execution.

5. ———: STATUTE: FORMER CONSTRUCTION BY SISTER STATE. The Missouri homestead law in great part was transplanted from Vermont and rulings there on that subject are entitled to, at least, very persuasive force here.

6. **Judgment Lien.** Liens of judgment depend on statute. In Missouri such liens reach real property "liable to be sold on execution."

7. **Homestead:** PURCHASE OF ANOTHER WITH PROCEEDS OF FIRST. A judgment debtor may sell his homestead and invest the proceeds in another, and may carry the exemption of the first into the second. The homestead law should not be so construed as to abridge that privilege, or the privilege of selection given by section 5436.

8. ———. All provisions of law *in pari materia* should be construed in harmony, and effect be given to all parts thereof when possible.

9. ———: EXCESS OF VALUE: STATUTE. If a judgment creditor desires to reach the excess of value of a homestead, already set apart to a judgment defendant, he should take the steps indicated by section 5436 before the land becomes subject to the judgment lien.

*Error to Cape Girardeau Circuit Court.*—Hon. H. C. O'Bryan, Judge.

Reversed.

*R. B. Oliver* and *J. W. Limbaugh* for plaintiffs in error.

(1) The petition does not state facts sufficient to constitute a cause of action. Plaintiff claims to have, and seeks by this suit to enforce, a lien against the Ranney homestead, now owned by Mrs. Byrd. It should appear by the allegations of the petition that such lien

exists and the failure to so allege is fatal to plaintiff's right to recover. *Fay v. Adams*, 8 Mo. App. 566; *Thrush v. Cameron*, 21 Mo. App. 394; *Pier v. Heinrichoffen*, 52 Mo. 333; *Scott v. Robards*, 67 Mo. 289. The petition states that plaintiff obtained judgment against Ranney and Beardslee on May 12, 1883. The suit at bar was filed April 2, 1888, nearly five years after the original judgment was entered, and after the expiration of any lien ever acquired by virtue of the original judgment. R. S. 1889, sec. 6012. (2) The petition states no equity, the remedy, if any, being at law. *Janney v. Spedden*, 38 Mo. 395; *Moore v. Wingate*, 53 Mo. 398; *Titterington v. Hooker*, 58 Mo. 593; *Odle v. Odle*, 73 Mo. 289; *Levering v. Schnell*, 78 Mo. 167; *Fenwick v. Wheatly*, 23 Mo. App. 641. (3) Plaintiff was guilty of laches in the enforcement of his claim. *Wells v. Pavey*, 62 Mo. 573; *Landrum v. Bank*, 63 Mo. 48; *Hart v. Giles*, 67 Mo. 180. (4) The judgment rendered in 1883 was in favor of these defendants and is *res judicata*. *Spradling v. Conway*, 51 Mo. 51; *Crispen v. Hannavan*, 50 Mo. 415; *Caldwell v. White*, 77 Mo. 471. (5) The assignment and admeasurement of this land to Ranney as his homestead made in April, 1876, was approved by the circuit court and was a judicial determination of the matter in Ranney's favor. *Pratt v. Jones*, 22 Vt. 345; *Rix v. McHenry*, 7 Cal. 89; *Barney v. Leids*, 54 N. H. 128. (6) In *Beckner v. Rule*, 91 Mo. 62, the remedy sought was against the property in the possession and ownership of the judgment creditor, while in this case it has been sold to a stranger who has paid full value for it.

*Wilson Cramer* and *W. H. Miller* for defendant in error.

(1) The homestead set apart to Johnson C. Ranney in 1876 increased in value to $2,600 during his owner-

ship of it, and was therefore subject to reassignment at the instance of his creditors. *Beckner v. Rule*, 91 Mo. 62; *Stubblefield v. Graves*, 50 Ill. 103. (2) The increase in value occurred while the lien of Macke's judgment was in force, and the lien attached to the excess over the statutory exemption. (3) Ranney could not defeat this lien on this excess by a conveyance of the premises, nor can the rights of his grantee be greater than were his. (4) The *scire facias* having been issued before the execution of the lien the judgment of revivor continued the lien without interruption and it was in full force at the time of the institution of this proceeding. R. S. 1879, sec. 2734; *Ibid.* 1889, sec. 6015. (5) The proper course was to invoke the aid of the court as plaintiff has done to separate that which might be sold from that which is exempt. *Nichols v. Spremont*, Ill. 631; R. S. 1879, sec. 2697. (6) A *scire facias* to revive a judgment is not a new suit, but is simply held to be a continuation of the original action. *Ellis v. Jones*, 51 Mo. 180; Black on Judgments, sec. 482. (7) The deed from Ranney to Mrs. Byrd, as to all of the real estate in excess of the homestead, was a fraudulent conveyance, and it was the privilege, if not the duty of the judgment creditor, to sever the respective interests, and sell that as a separate property which he might lawfully do. *Lionberger v. Baker*, 88 Mo. 447; *Woodard v. Maston*, 106 Mo. 326; *Bennett v. Hudson*, 33 Ark. 762.

BARCLAY, J.—This is a suit to charge certain real property, in Cape Girardeau county, with the lien of a judgment, and to have part of the land, in excess of the homestead value, set apart and subjected to sale to satisfy the lien, although the land is owned by other parties than the judgment debtor.

On the other side, it is claimed that the property

is free from the judgment lien, by virtue of the homestead law.

The facts that control the result were admitted by the pleadings or at the trial.

Mr. Ranney was in possession in May, 1876, when the tract in question (consisting of nearly 105 acres) was set apart to him as a homestead, by appraisers appointed by the sheriff, under two executions in favor of Mr. Houck, as administrator, plaintiff, against Ranney and another. The sheriff's report of sale in that matter (including a report of the appraisers, who set apart the homestead) was confirmed by the court from which the executions issued.

Ranney had occupied the place as a homestead for himself and family for many years prior to any of the dates in this record; and continued in such occupancy until the conveyance to Mrs. Byrd.

After the homestead had been so set apart, the present plaintiff, Mr. Macke, obtained in 1883 a judgment against Ranney and another for $739.80, on a note executed by them in March, 1876.

In July, 1885, Ranney and Mr. A. R. Byrd made a contract by which the former agreed to sell the piece of land (which we shall call the homestead) for the price of $2,600. Before the sale was consummated, Macke sued out an execution on his judgment, and garnished Mr. Byrd. Thereupon Ranney refused to make a deed. Upon a trial of the garnishment case, there was a finding for defendants, and Mr. Byrd was discharged as garnishee.

But after the garnishment was served, Mrs. Byrd, wife of this Mr. Byrd, purchased the property for the same price agreed upon in the former contract of sale. The homestead was conveyed to her through an intermediary, August 6, 1885. The consideration was

drawn from the proceeds of sale of some other land belonging to the wife.

After this purchase, Mr. and Mrs. Byrd entered into possession, and Ranney moved out of the state.

In 1886, plaintiff sued out a writ of *scire facias* to revive his judgment, making Mr. and Mrs. Byrd parties, as well as the original defendants. The court ultimately discharged the former as unnecessary parties, but entered judgment of revivor against Ranney upon a service by publication as to him.

Then followed the present suit, in 1888, by the judgment creditor, Macke, against Mr. and Mrs. Byrd to cause the homestead to be reassigned, and that part of it in excess of $1,500 in value to be subjected to the plaintiff's demand as embodied in the judgment.

The trial court found for plaintiff, and appointed commissioners to set off the homestead, which they afterwards did, by a particular description; and the court adjudged the rest (a considerable part) of the original homestead tract to be subject to plaintiff's judgment, notwithstanding the original debtor Ranney had meantime parted with his title as above described.

The defendants took the pending writ of error after the customary motions and exceptions to preserve for review the questions submitted here.

1. The Ranney homestead was set apart to him in 1876, as exempt from the executions then outstanding against him. The main question raised by the case at bar is whether or not the lien of the judgment subsequently obtained against Ranney by Macke reached the excess in value (above the statutory limit) which the allotted homestead appears to have afterwards acquired.

The lien of a judgment upon realty in Missouri is founded on statute. By the terms of its creation the lien impresses "lands, tenements and heredita-

ments liable to be sold upon execution." R. S. 1889, sec. 6048, same as sec. 2767 of 1879.

The effect of the section cited is to limit the force of the words "real estate," in section 6011 (R. S. 1889), to a narrower meaning than they would otherwise bear through the aid of section 6570. But the last named section is only applicable where the construction it furnishes is not plainly repugnant to the intent of the legislature or of the context of the statute to be construed. But in regard to judgment liens, section 6048 supplies context which qualifies the broad meaning that section 6011 might be construed to have without such context.

The homestead act declares that real property coming within its protection is "exempt from attachment and execution," subject to certain exceptions as to prior debts not relevant to the pending controversy. R. S. 1889, sec. 5435.

It is evident from the language of that section that, as between a judgment creditor and his debtor in possession of a homestead within the statutory size and value, the judgment (on a debt created since the record of the homestead deed) creates no lien on the homestead property. *Harrington v. Utterback* (1874) 57 Mo. 519; *Holland v. Kreider* (1885) 86 Mo. 59; *Biffle v. Pullam* (1893) 114 Mo. 50 (21 S. W. Rep. 450).

But does the lien touch or hold the surplus of size or value of the homestead?

The Missouri law provides a mode to set out a homestead of statutory amount from a larger tract of which it forms part. The provisions of that law give the judgment debtor in an execution (levied on the excess) a right to choose what part of the homestead estate (within the limits of value and size) shall be protected by the exemption (if he declines to choose, it is otherwise selected), "and the sheriff shall then

proceed with the levy of such execution upon the residue of such real estate" (R. S. 1879; sec. 2690, same as sec. 5436 of 1889).

This right of selection (as well as other provisions of the homestead law, mentioned later) can not be reconciled with the idea that, as against the debtor, the judgment lien reaches the excess of quantity or value of the homestead beyond the statutory maximum, before an ascertainment, and setting out, of the part to which the exemption shall apply.

As was said by the supreme court of Vermont, in construing a section of their law (Rev. Laws, Vt. 1880, sec. 1895) which is substantially, and almost literally, the same as our section 5436 (R. S. 1889), "according to these provisions, the homestead must be set out from the residue before the residue can be set out on the execution." *Fairbanks v. Devereaux* (1876) 48 Vt. 552.

Our homestead statute was in great part transplanted from Vermont. Rulings in that state upon language embodied in our own law are entitled to, and have justly been accepted as having, at least, very persuasive, and sometimes authoritative, force here. *Skouten v. Wood* (1874) 57 Mo. 380; *Shindler v. Givens* (1876) 63 Mo. 394.

Under Missouri law the debtor having a homestead may sell it, invest the proceeds in another homestead, and carry the exemption of the first homestead into the one subsequently acquired, even as against debts created before the acquisition of the latter. R. S. 1879, sec. 2696, same as sec. 5442 of 1889.

To make that right of sale effective and complete, it is essential to give such a construction to other parts of the statute as will not embarrass the exercise of that right—so far as that may be done without violence to their own clear intent and terms.

All provisions of law on one topic should be considered in determining the meaning of any particular portion thereof (*State v. Pitts*, 1872, 51 Mo. 133), and such a construction should be given to the latter as will keep all the provisions of law on the same subject in harmony, and give effect to all, when possible.

The rights of selection and of exchange of homesteads, as given to judgment debtors by sections 5436 and 5442, could not be fully enjoyed, if it were held that the lien of a judgment reached, and secured to the creditor, an uncertain part of the homestead property, without an ascertainment of the surplus to which the lien could attach, as provided by law.

The Missouri homestead may be moved about, under the protection of section 5442. It can not be fastened to one spot by a judgment lien, which would be the consequence of permitting it to be sold on execution subject to the homestead right.

In contemplation of section 5436 the surplus, above the statutory measure, is not available on execution until ascertained and determined by the location of the true homestead itself, in the manner prescribed.

The homestead in dispute in the present case was fixed and defined by the action of appraisers, the sheriff and the court, under the Houck executions in 1876, and the debtor had the right to all the privileges of a homestead owner as to that property, so set off (including the right to sell it), until some creditor should by proper steps, attack the former allotment of the homestead as to quantity or value. This might be done at any time by proceeding under sections 5436 or 5444; but until that course was taken by some one, the debtor was entitled to the full enjoyment of all his rights in and to the homestead property, including the

power of disposal, of which he took advantage in this case.

The fact that Ranney realized by his sale more than the statutory amount to which the homestead is limited, is of no concern, as against the purchaser of it from him, in such an action as this by the judgment creditor.

If, as we hold, the lien of judgment did not attach to the surplus in value, until ascertained by an admeasurement of the proper homestead, then the lien of judgment was no impediment to a sale of the homestead by the debtor as the statute permits.

2.    These views, we regret to say, are not in harmony with some utterances found in the Missouri reports of recent years, especially in *Crisp v. Crisp* (1885) 86 Mo. 630, *Thompson v. Newberry* (1887) 93 Mo. 18 (5 S. W. Rep. 34), and *Schaffer v. Beldsmeier* (1891) 107 Mo. 314 (17 S. W. Rep. 797).

But we believe the conclusion we have reached is supported by principles declared in a number of other decisions, which we regard as establishing a sound construction of the homestead law. *Vogler v. Montgomery* (1874) 54 Mo. 577; *Perkins v. Quigley* (1876) 62 Mo. 498; *Beckmann v. Meyer* (1882) 75 Mo. 333; *Holland v. Kreider* (1885) 86 Mo. 59; *Grimes v. Portman* (1889) 99 Mo. 229 (12 S. W. Rep. 792); *Bank v. Guthrey* (1895) 127 Mo. 189 (29 S. W. Rep. 1004).

The Missouri law on this subject, is, unfortunately, not a model of clearness of purpose in some of its features, though its general design is plain enough.

It prescribes rules of conduct some of which are applicable to the homestead owner and to his obligations and rights, during his lifetime, and others of which govern the rights of his widow and children, in or to the homestead, after his death.

3.   It is scarcely necessary to say (though we· do so out of abundant caution) that our comments are intended to apply only to a case involving the interests and' rights of the homesteader, his vendees and his judgment creditors, but not of his widow or children, after his death.

The case in hand does not involve an inquiry into the nature of the estate of the widow or children of the homesteader, and our rulings should be understood as applying strictly to the facts now in judgment.

It results that the judgment is reversed and the cause remanded with directions to dismiss the proceeding.   BRACE, C. ·J., and GANTT,· MACFARLANE, SHER-WOOD, BURGESS and ROBINSON, JJ., concur.