## RATLIFF v. GRAVES, *Appellant.*

### Division One, December 24, 1895.

1. **Homestead**: EXECUTION: PURCHASER. The purchase on execution of property, in use by the judgment defendant as a homestead, does not pass the title subject to the intervening estate of homestead. (*Macke v. Byrd*, 131 Mo. 682, followed.)

2. **Ejectment.** Plaintiff in ejectment must recover, if at all, on the strength of his own title.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*Ben Eli Guthrie* for appellant.

(1) Defendant's demurrer to plaintiff's evidence should have been sustained. *Vogler v. Montgomery,*

54 Mo. 577; *Harrington v. Utterback*, 57 Mo. 519; *Pease v. Cameron*, 102 Mo. 568. (2) The statute provided that the widow and children of the homesteader shall take the same estate therein of which the deceased died seized; and that estate this court has determined passed to the widow and her heirs free from the payment of all debts of the deceased. *Skouten v. Wood*, 57 Mo. 380; *Gragg v. Gragg*, 65 Mo. 343; *Freund v. McCall*, 73 Mo. 343; *Goode v. Lewis*, 118 Mo. 357; *Weatherford v. King*, 119 Mo. 51. (3) An execution sale conveys no title as to property exempt from execution. (4) Defendant's instructions 2, 4, 5, should have been given. If the possession of the Rookses was adverse to the plaintiff, it had, by lapse of time, defeated all the rights, if any, he had acquired under the sheriff's deed. *Dalton v. Bank*, 54 Mo. 105; *Ridgeway v. Halliday*, 59 Mo. 444; *Barry v. Otto*, 56 Mo. 177.

*Dysart & Mitchell* for respondent.

(1) This case is governed by the doctrine announced in the recent decisions of this court. *Miller v. Leeper*, 120 Mo. 466; *Schaeffer v. Beldsmeier*, 107 Mo. 314; *Poland v. Vesper*, 67 Mo. 727; *Anthony v. Rice*, 110 Mo. 223. (2) John Rooks would have been entitled to a homestead in the land, once acquired, even if he had no wife or minor children at the time of the sheriff's sale, that is, for himself, and that interest would have been a life estate only. *Leake v. King*, 85 Mo. 413; *Silloway v. Brown*, 12 Allen, 30; *Taylor v. Boulware*, 17 Tex. 74; *Myers v. Ford*, 22 Wis. 137.

PER CURIAM (BRACE, C. J., and BARCLAY, MACFARLANE, and ROBINSON, JJ.).—The action is ejectment, and the dispute involves the title to a piece of land, eighty acres in size, in Macon county. The trial court

found for plaintiff.   Defendant appealed after taking proper steps to present the merits for review.

The controlling facts are admitted.

Mr. Graves is in possession as tenant of certain members of the family of Rooks.   Plaintiff claims title by purchase of the land at an execution sale on a judgment against the former owner, John Rooks.

To quote the language of the statement in this court by plaintiff's counsel, touching the vital facts of the case:

"The land in question was owned and occupied as a homestead by John Rooks, senior, at and prior to the rendition of the judgment of C. Aultman & Co. on the 5th day of Feb., 1873, against the said John Rooks.   The judgment was for the sum of $219.76.

"An execution issued on said judgment, and the lands in question were sold thereunder, and conveyed to one F. Ames by sheriff's deed, on the 8th day of September, 1873, and his deed was duly recorded on the 11th day of September, 1873.   Afterwards, on the 2d day of January, 1874, the said F. Ames and wife, by warranty deed, conveyed the lands in question to the plaintiff, A. E. Ratliff, which deed was duly recorded on the 5th day of Feb., 1874.   It is conceded that at the date of the said judgment and of the said sheriff's sale to Ames, the said John Rooks had the legal title to the said lands, and was in the possession of the same, having a wife and some minor children, and that he resided upon and occupied the same as his home until the date of his death."

Mr. Rooks, senior, died in 1891.   His wife died at an earlier date, and all his children were of age when he died.

Neither the plaintiff nor Mr. Ames, his grantor, was at any time in possession of the property from the

date of the execution sale in 1873 until the death of Rooks in 1891.

This action was begun in 1893.

The defenses are a denial of plaintiff's title, and a plea of the statute of limitations barring actions for land.

The theory on which the learned trial judge proceeded is evident from the following instruction, given for plaintiff:

"1. The jury are instructed that if they believe from the evidence that plaintiff claims said land by and from Ames, and that Ames purchased same at sheriff's sale, read in evidence, and that at the time of the execution and delivery of said sheriff's deed, John Rooks was occupying and owning said land as a homestead, and that the wife of John Rooks died in 1890, and that said John Rooks continued to occupy and hold said land as a homestead, with an unmarried daughter until his death in 1891, and died in said year 1891, having no wife or minor children, then the plaintiff is entitled to recover said premises in this action."

It is unnecessary to give any fuller statement of the facts.

The gist of the case is in the question whether or not the purchase of the property at the execution sale passed the title, after expiration of the homestead estate.

The plaintiff does not claim to have acquired the homestead title of the judgment debtor because of priority of the judgment debt, or by reason of waiver or estoppel, or otherwise. If that was plaintiff's reliance, his action would be very clearly barred by limitation, according to his own showing of adverse possession by the Rooks family during the period covered by the dates above stated.

Plaintiff concedes the original existence of the

Bank v. Winn.

intervening homestead interest of Rooks; but now claims ownership on the ground that the homestead estate has expired, relying on the theory declared by the court at his request in the instruction quoted.

Unless the title to the homstead land passed to the purchaser on execution, subject to the homestead right, plaintiff has no legal standing to maintain this action, for he must recover, if at all, on the strength of his own title.

We are all of opinion that the title did not so pass.

The reasons for that conclusion appear in the judgment of the court *in banc* in *Macke v. Byrd* (1895) 131 Mo. 682 (33 S. W. Rep. 448), announced at the current term. It is not necessary at this time to say more than that, following that decision, we reverse the judgment and remand the case at bar with directions to proceed in accordance with this opinion.