### SEKINOFF v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.  August 7, 1922.  On Petition for Rehearing, October 16, 1922.)

No. 3808.

1. Criminal law ☜1036(5), 1129(1)—Alleged inadmissibility not reviewed, in absence of objection or assignment of error.

    Where the claim that testimony was hearsay was not raised by objection, or by assignment of error, it cannot be considered.

2. Indictment and information ☜190—Conviction of attempt authorized under indictment for carnal knowledge.

    Under Comp. Laws Alaska 1913, §§ 2073, 2268, 2269, one indicted under section 1894 for carnally knowing and abusing a female under 16 years of

age may be convicted of an attempt to commit such crime, on showing that in such attempt he did acts towards the commission of the crime.

### On Petition for Rehearing.

3. Statutes ⬤➙226—Rule as to construction of adopted statute inapplicable, when not adopted wholly or without change.

The rule that, when a statute is adopted from another state, the construction given it by the highest courts of that state is adopted, applies only when the statute is adopted entirely and unchanged, and where the statute is not all adopted or without change from the law as construed, prior decisions, though persuasive, are not conclusive.

4. Statutes ⬤➙226—Adoption of part of amended statute not adoption of construction prior to amendment.

Where an Ohio statute relative to assault with intent to commit rape, etc., was construed as not covering an attempt to abuse, with her consent, a female child under the age of consent, and was amended to cover such offense, it cannot be assumed that, when Congress adopted part of the amended statute as Pen. Code Alaska, § 192, it intended to adopt the construction of the earlier law.

In Error to the District Court of the United States for the First Division of the District of Alaska; Thos. M. Reed, Judge.

Peter Sekinoff was convicted of an offense, and he brings error. Affirmed.

James Wickersham, J. W. Kehoe, and John B. Marshall, all of Juneau, Alaska, for plaintiff in error.

A. G. Shoup, U. S. Atty., of Juneau, Alaska.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. [1] We have given to the record in this case attentive consideration, and find in it nothing that would justify any interference with either the verdict or judgment, unless there be merit in the contention on the part of the plaintiff in error that he was found guilty of and sentenced to imprisonment for a crime not charged in the indictment. It is enough to say in response to the claim that the pertinent part of the testimony of the witnesses Mrs. Kashevaroff and Mrs. Malachoff was pure hearsay; that not only is there no assignment of error covering that suggestion, but the record fails to show that any objection was made to such testimony, and as a matter of course there could have been no ruling or exception regarding the matter.

[2] The indictment was based on section 1894 of the Compiled Laws of Alaska, which reads:

"That whoever has carnal knowledge of a female person forcibly and against her will, or, being sixteen years of age, carnally knows and abuses a female person under sixteen years of age, with her consent, is guilty of rape."

It will be seen that by that statute the crime of rape is defined in two separate and distinct ways—the first being substantially the same as was the common law, to constitute which the prohibited act must have been forcible and against the will of the female; but not so under the second clause of the Alaska statute, by which any male

⬤➙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

person is also made guilty of the crime of rape who, being 16 years of age, carnally knows and abuses a female person under 16 years of age, even with her consent.

Turning to the indictment in the present case, it is seen that the latter is exactly what is charged against the defendant; that charge is based solely upon the second clause of the statute referred to, for it charges that the defendant thereto, at a certain time and place within the jurisdiction of the court below, did—

"being then and there over the age of 16 years, knowingly, willfully, wrongfully, unlawfully, feloniously, carnally know and abuse Sonia Malachoff, the said Sonia Malachoff being then and there a female person and then and there under the age of 16 years to wit, of the age of 11 years, and the said Peter Sekinoff not being then and there the husband of said Sonia Malachoff."

The argument of counsel for the plaintiff in error is that the trial court erred in instructing the jury as follows:

"A section of our statute provides that in all cases of criminal prosecutions the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the indictment or of an attempt to commit such crime; and a further section provides that whoever assaults another with intent to kill, or commit rape or robbery upon the person so assaulted, shall be imprisoned, etc.

"I charge you that the crime of assault with intent to commit rape is necessarily included in the crime of rape as charged in the indictment in this case, and if you, after a careful consideration of all the evidence produced before you, under the instructions I have heretofore given you, conclude that the defendant is not guilty of the crime of rape as charged in the indictment, you should consider whether he is guilty of the crime of assault with intent to commit rape; and in this connection I charge you that, where a female is capable of consenting under the law, there cannot be an assault to commit rape if she consents, but in case where the female is under the age of 16 years, the law steps in and says she is incapable of assent—the law, in other words, resists for her."

Sections 2073, 2268, and 2269 of the Compiled Laws of Alaska are as follows:

"Sec. 2073. That if any person attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, such person, when no other provision is made by law for the punishment of such attempt, upon conviction thereof, shall be punished as follows:

"First. If the crime so attempted be punishable by imprisonment in the penitentiary or county jail, the punishment for the attempt shall be by like imprisonment, as the case may be, for a term not more than half the longest period prescribed as a punishment for such crime.

"Second. If the crime so attempted be punishable by fine, the punishment for the attempt shall be by fine not more than half the amount of the largest fine prescribed as a punishment for such crime."

"Sec. 2268. That upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the crime or any such inferior degree thereof.

"Sec. 2269. That in all cases the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit such crime."

There was abundant evidence to sustain the verdict of the jury to the effect that the defendant attempted to commit the crime distinctly charged in the indictment against him and distinctly defined in the

second clause of section 1894 of the statute of Alaska above set forth, and that in such attempt he committed acts toward the commission of that crime, the punishment for which is declared in section 2073 of the Alaska statute above cited; and we think it clear that such attempt is necessarily included in the crime charged against the defendant by the indictment, by virtue of sections 2269 and 2268 of the Alaska Laws that have been quoted.

Finding no substantial error in the instructions complained of, the judgment is affirmed.

### On Petition for Rehearing.

PER CURIAM. In his petition for rehearing the plaintiff in error relies upon the fact that section 18 of the Penal Code of Alaska was adopted from a statute of Ohio, and prior to such adoption had been construed by the Supreme Court of Ohio in Smith v. State, 12 Ohio St. 466, 80 Am. Dec. 355, where it was held that an attempt to abuse, with her consent, a female child who had not reached the years of consent was not indictable under the Ohio statute as an assault with intent to commit rape; the court ruling that where there was consent there could be no assault. The statute of Ohio then in force and so construed provided:

"That if any person shall assault another, with intent to commit a murder, rape or robbery upon the person so assaulted, every person so offending, shall be deemed guilty of a misdemeanor," etc.

Long prior to the enactment of the Penal Code of Alaska, the Legislature of Ohio had amended the statute to read:

"Whoever assaults another with intent to kill, or to commit robbery or rape upon the person so assaulted, or attempts to carnally know and abuse a female person under sixteen years of age, with her consent, shall be imprisoned," etc.

On the trial of the present case in the court below, the court instructed the jury that the defendant might be found guilty of an assault with intent to commit rape. Exception was taken to the instruction, not upon the ground that under the Alaska statute there could be no assault upon a consenting female, but solely upon the ground that:

"While there is testimony in the record tending to support the charge of assault with intent to commit the crime of rape, the indictment contains no sufficient allegation of assault with intent to rape and contains no statement of the overt acts done toward the accomplishment of that offense and therefore fails to apprise the defendant of the nature and character of the acts done by him which it is claimed constitute the offense of assault with intent to commit the crime of rape."

If the objection had been interposed on the ground that the construction placed upon the Ohio statute in the case of Smith v. State was controlling, the court below in dealing with the objection might properly have instructed the jury that they might find the defendant guilty of an attempt to commit rape under section 192 of the Penal Code of Alaska, for the Ohio court in Smith v. State used interchangeably the terms "assault with intent" to commit rape upon, and "attempt to know and abuse" a female child under the age of consent. Certainly every

element of an attempt is comprised in an assault with intent to commit the offense of rape.

[3] The rule that when a statute is adopted from another state it is adopted with the construction given to it by the highest courts of that state applies only where the statute is adopted entirely and unchanged. Here the Ohio statute was not all adopted, nor was it adopted unchanged from the law which was construed in Smith v. State. In such a case, prior decisions of the Ohio court, while they may be regarded as persuasive, are not conclusive. 25 R. C. L. 1073; 2 Lewis' Sutherland Statutory Construction, 785; Macke v. Byrd, 131 Mo. 682, 33 S. W. 448, 52 Am. St. Rep. 649. Said the court in Swofford Bros. v. Mills (C. C.) 86 Fed. 556:

"In applying this rule, however, it must appear that the statutes are identical, and that their construction involves a determination of the same question."

In Rhea v. State, 63 Neb. 461, 486, 88 N. W. 789, 797, the court said:

"The rule is not an unvarying and inflexible one. It is not a conclusive presumption to be applied in all cases. It has its proper limitations and exceptions, and when a statute which has received a judicial construction is amended in respect of a matter and on a point regarding which such prior construction in a large measure rests, the reason for the rule fails, and with it the rule itself ceases in its application. For the same reason the rule does not apply with full force when the adopted statute is not in all respects, or in its scope and effect, similar to the statute of the state from which adopted, although in its main features the same."

[4] In brief, the statute of Ohio as expressed in Bates Ann. Stats., the first portion of which was adopted as section 18 of the Penal Code of Alaska, is not the Ohio statute which was construed in Smith v. State. The court in deciding that case expressed regret that the attempt to have carnal knowledge of a child of tender years "was not punishable as a crime in Ohio." To remedy that defect the statute was amended many years prior to the enactment of the Penal Code of Alaska. In adopting for Alaska the first section only of the amended Ohio statute, it cannot be presumed that Congress intended to adopt the construction of the earlier Ohio law. The amended law differs in phraseology from the earlier statute, in construing which the court of that state had announced a' rule which is contrary to reason and the overwhelming weight of authority.

The petition is denied.