GRAHAM v. LEE et al., *Plaintiffs in Error.*

Homestead. The mere fact that a defendant in execution has occupied land for a series of years, and that the land is of less value than $1,500, does not exempt it from execution as his homestead. It must further appear that he is a housekeeper or head of a family and has his dwelling upon it.

*Error to Daviess Circuit Court.*—Hon. E. J. Broaddus, Judge.

*John Conover* for plaintiffs in error.

*Shanklin, Low & McDougal* and *J. F. Hicklin* for defendants in error.

Napton, J.—We doubt if the record in this case presents the point actually decided by the court below, the decision of which is sought to be reversed. That, however, is a mere matter of conjecture, and we must, of course, be governed by the record. Upon the overruling of a motion by the defendant Coen, to quash an execution levied on his land, and subsequently a second motion to set aside the sale made under it, both on the ground that it was his homestead, the following was the agreed statement of facts submitted with the motions :

There is a deed in the recorder's office from defendant Thomas Coen, to his son-in-law, Thomas Lawrence, under date of 12th day of April, 1873, purporting to convey the real estate levied on ; afterwards, defendants were sued by attachment by plaintiffs ; no plea in abatement was put in. Thomas Coen, by way of defense, denied the execution of the note sued on under oath; Lee made no defense. Judgment was rendered against the defendants, upon which the execution is issued. Coen has occupied the land for the last eight or ten years ; and had a deed for it on record prior to the time the debt sued for was contracted; the ground alleged in plaintiff's affidavit is, that defendant Coen had fraudulently conveyed his property so as to delay creditors. The property levied on is worth less than $1,500. The property is levied upon as the property of defendant Coen. When the sheriff demanded the property, defendant Coen told him that he had no property.

It is not stated in this agreed statement, that Coen was a a housekeeper or head of a family, or had a dwelling on

the land levied on, or that it was his homestead. The statement in the motion that the land was defendant's homestead, was, of course, no evidence. For aught we can see the motions were overruled because the agreed statement did not show that defendant had any homestead. The fact that Coen had occupied the land for eight or ten years does not constitute a homestead, so that the points discussed in the brief of the appellants are not presented by the record. Judgment affirmed.

AFFIRMED.