THE STATE *ex rel.* TILDEN v. BEAMER *et al., Appellants.*

1. **Exemptions from Execution.** The head of a family may hold exempt the $300 worth of property allowed by section 11 of the execution law, (Wag. Stat., p. 604,) whether he is the owner of the property mentioned in the 1st and 2nd subdivisions of section 9 or not.

2. **Formal Defects in Pleading: PRACTICE.** A petition in an action against a sheriff for an unlawful levy and sale, failed to state the value of the property taken. *Held*, that if this was a defect at all, it was of such a formal kind that it was too late to take advantage of it after trial.

*Appeal from Jasper Common Pleas Court.*— HON. E. O. BROWN, Judge.

AFFIRMED.

*E. J. Montague* for appellants.

*Harding & Buller* for respondent.

SHERWOOD, C. J.—Section 9, Wagner's Statutes, page 603, in its 1st and 2nd subdivisions, exempts certain property, when owned by the head of a family, from sale under execution. Section 11 of the same chapter, gives to such head of a family the privilege of selecting and holding exempt from execution any other property, etc., etc., not exceeding in value the amount of $300. Section 12 makes it the duty of the officer having the execution, to apprise the debtor of his rights under the preceding sections. The breaches of the official bond of Beamer, the sheriff, as assigned in the petition, are his failure to apprise the relator, Tilden, of his rights under the law, and the levy of the execution on certain corn and the sale thereof, notwithstanding a notification from Tilden that he claimed the corn as exempt in lieu of the property mentioned in subdivisions 1 and 2 of section 9, *supra.* The evidence tended to establish the allegations of the petition.

The breaches of the bond were well assigned. It was altogether immaterial whether Tilden was the owner of the property mentioned in the 1st and 2nd subdivisions of section 9 or not. If he owned that property he had the right to exercise the election given him by section 11. If he did not own such property, still his right under the last mentioned section remained. *State v. Farmer*, 21 Mo. 160. The petition, therefore, was not defective in failing to allege that Tilden was not the owner of property exempted as aforesaid.

If the petition was defective in failing to allege the

value of the corn levied on, it still stated a cause of action, and any mere formal defect in the particular mentioned, if any existed, should have been taken advantage of at an earlier stage of the action. The judgment is affirmed. All concur.