PADDOCK *et al.*, *Appellants*, v. LANCE *et al.*

1. **Property Exempt From Execution**: SELECTION IN LIEU OF PROPERTY NOT POSSESSED: DUTY OF OFFICER. One who does not possess the property exempt from execution by the first and second subdivisions of section 2343, of the Revised Statutes, is entitled to hold exempt any other property, real or personal, not exceeding three hundred dollars in value. (Sec. 2346). And it is the duty of an officer, before making a levy under an execution, to notify him of this right of exemption and selection. (Sec. 2347).

2. **Practice**: DECREE. A decree cannot be based on facts not pleaded; and a sheriff's deed cannot be set aside on the ground that the property was exempt from execution and that the officer did not apprise the execution defendant of his right of exemption and selection, when no such issues are made by the pleadings.

*Appeal from Cape Girardeau Circuit Court.*—HON. ROBERT S. WILSON, Judge.

REVERSED AND REMANDED.

| 94 | 283 |
| 33a | 483 |
| 94 | 283 |
| 40a | 640 |
| 94 | 283 |
| 47a | 270 |
| 94 | 283 |
| 52a | 295 |
| 94 | 283 |
| 143 | 238 |
| 144 | 189 |
| 94 | 283 |
| 150 | 450 |
| 94 | 283 |
| 92a | 49 |
| 94 | 283 |
| 99a | 500 |

*Oliver & Limbaugh* for appellants.

There was no issue made, and no evidence offered attacking the *bona fides* of the sheriff's deed, and the court erred in finding it fraudulent and void. The judgment should be responsive to the issues presented in the pleadings, and the court erred in finding on matters foreign to the record as made by the pleadings. *Ross v. Ross*, 81 Mo. 84; *Dougherty v. Adkins*, 81 Mo. 411; *Bank v. Pointz*, 60 Mo. 531; *White v. Rush*, 58 Mo. 105.

*Cramer & Wilson* for respondents.

BLACK J.—The plaintiffs recovered a judgment against the defendant, Henry D. Lance, in January, 1884, on a note dated in 1880. They purchased the one acre of land here in question at a sale made under an execution issued on the judgment, the amount bid being less than one hundred dollars. The sale was made in May, 1884. Lance acquired the property in May, 1882, and then gave a deed of trust on the same to secure a part of the purchase price. Some seventy-five dollars of this debt being unpaid, the trustee sold the property, on the twenty-fourth of November, 1883, and Mrs. Lance, the wife of Henry D. Lance, became the purchaser. Thereafter she and her husband gave a deed of trust on the same property to secure a note of three hundred dollars to the defendant, Sievers. The acre is valued at from three to six hundred dollars. The plaintiffs, by their petition, seek to set aside the trustee's deed and the subsequent deed of trust, as in fraud of creditors. The court found these issues for the plaintiffs and set aside these two deeds. As to this it is enough to say that they were both, beyond all doubt, sham transactions, and were made to defraud the plaintiffs. But the court went further and set aside the sheriff's deed to the

plaintiffs on a finding of facts, that Henry D. Lance, at the time of the levy of the execution, was the head of a family, and had only fifteen dollars worth of property allowed him as exempt by the first and second subdivisions of section 2343, Revised Statutes, and that the sheriff did not, before sale, advise Lance of his right of exemption and selection.

The evidence shows that Lance had no personal property, save a note, which was probably worthless, and some household goods of the value of about twenty dollars, so that, under section 2346, he was clearly entitled to hold exempt any other property, real or personal, not exceeding three hundred dollars in value. It was the plain statutory duty of the officer to notify him of his right of exemption and selection under those sections. But a difficulty in the case is, that no such issues are made by the pleadings. Lance answered by a general denial, and his wife, among other things, set up that, at the date of the trustee's sale at which she purchased, her husband was, for want of personal property, entitled to hold his equity of redemption in the land exempt from sale under execution. No issue is made even by her as to the right of any such exemption at the date of the levy of the execution, nor is it alleged by her or her husband that the officer failed to notify him of his right of exemption and selection. The court could not base a decree on a state of facts not set up in the pleadings, and for this reason the decree setting aside the sheriff's deed was wrong. The right of exemption, under sections 2343 and 2346, is a different thing from a homestead exemption, and as the respondents have made no appearance here, we will not attempt to say what relief they may have on proper pleadings with proof to sustain them.

The judgment is reversed and the cause remanded. All concur.