GEO. W. LINDSEY, Appellant, v. THOMAS DIXON, Defendant; ELIZA B. DIXON, Interpleader and Respondent.

Kansas City Court of Appeals, January 2, 1893.

1. **Attachment:** INTERPLEA: EXEMPTIONS CLAIMED BY WIFE: NON-RESIDENCE OF HUSBAND. By section 4908, Revised Statutes, 1889, the wife of an absconding husband can claim the exemptions allowed by section 4903, or may select and hold as exempt any other property not exceeding $300 in value, although the absconding husband has not the articles exempted by the statute, and she may sue for and recover the same in her own name and can interplead therefor in an attachment suit against her husband, and can only be defeated therein by the non-residency of the husband.

2. **Practice, Trial:** ATTACHMENT: INTERPLEA OF WIFE: NON-RESIDENCY. As the interplea must invariably be determined before a judgment in the attachment can be rendered, the bare allegation of the non-residency of the husband in the affidavit for the attachment cannot conclude the wife on the trial of the interplea.

3. ———: ———: ———: ———. A justice of the peace in an attachment proceeding struck out a wife's interplea claiming the exempt property of her absconding husband, and rendered judgment in the attachment suit for the plaintiff. The wife then appealed to the circuit court. *Held*, the judgment of the justice could not prejudice or impair the wife's full right to claim the exemptions, though the attachment was based among other things upon the non-residency of the husband.

4. **Attachment:** ABSCONDING: NON-RESIDENCY. One may abscond or absent himself from his place of abode without becoming a non-resident.

5. **Practice, Appellate:** INSTRUCTIONS: EVIDENCE NOT IN ABSTRACT. The evidence not being presented in the abstract the appellate court will not review the action of the trial court in refusing certain instructions as embracing in their hypotheses certain facts of which there was no evidence.

*Appeal from the Hickory Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

*T. G. Rechow* and *F. M. Wilson*, for appellant.

The wife cannot interplead for the husband's property. *Withers v. Shropshire*, 15 Mo. 632; *Abernathy v. Whitehead*, 69 Mo. 28. A married woman, when she claims the property exempt as the husband's, claims it as his vice, and she can no more interplead than could he. The property still remains that of the husband. *Steele v. Leonori*, 28 Mo. App. 675; *State ex rel. v. Chaney*, 36 Mo. App. 513; *State ex rel. v. Laies*, 46 Mo. 108. She certainly cannot claim and hold his exemption when he is personally present as in this case.

*Wm. L. Pitts* and *W. G. Robertson*, for respondent.

(1) The wife of an absconding debtor can claim and recover exempt property. Revised Statutes, 1889, sec. 4908. The wife can claim the exemptions when the husband fails to do so. Revised Statutes, 1889, sec. 6864. (2) Any person claiming attached property may interplead. Revised Statutes, 1889, secs. 572, 5256; *Wolf v. Vette*, 17 Mo. App. 36. (3) Any person who can maintain replevin, trover or trespass can interplead. *Furniture Co. v. Raddatz*, 28 Mo. App. 210. Interplea is, like the action of replevin, purely a possessory action. *Spooner v. Ross*, 24 Mo. App. 599; *State ex rel. v. Burker*, 26 Mo. App. 487; *Burgert v. Borchert*, 59 Mo. 80; *Mansur v. Hill*, 22 Mo. App. 372. (4) It is not the mere allegation of non-residence in an affidavit for attachment that determines the right of the wife to claim and recover property exempt under the law, but the truth of such allegation. *Griffith v. Bailey*, 79 Mo. 472; *Steele v. Leonori*, 28 Mo. App. 675. (5) The interpleader was entitled to a speedy trial upon her interplea filed before the justice, and before the trial and judgment in the attachment suit.

Revised Statutes, 1889, sec. 572; *Mfg. Co. v. Bean*, 20 Mo. App. 111. (6) Interpleader being entitled to the possession of the property as against the constable and the plaintiff in the attachment suit, on the day she filed her claim with the justice on January 31, 1891, the fact that her husband had returned from Cole county, and was present when this cause was tried in November, 1891, can in nowise affect her right to recover in this case. *Donohoe v. McAleer*, 37 Mo. 312; *Pace v. Pierce*, 49 Mo. 393.

Smith, P. J.—The plaintiff sued Thomas Dixon, the defendant, by attachment before a justice of the peace, alleging in his affidavit as grounds therefor those provided in subdivisions 4 to 5 and 8 of section 521, Revised Statutes. The constable under the writ seized a certain quantity of corn and oats, and also a wagon and harness.

Thereupon the interpleader, who was the wife of the defendant, appeared before the justice and filed an interplea claiming therein that the defendant had absconded and absented himself from his usual place of abode in Hickory county, in this state, and that the property seized by the constable was then exempt from levy and seizure under the attachment writ, and that she was entitled to the possession thereof, and praying for an order on the constable to set off and turn over to her the possession of the property, etc. Thereupon the plaintiff amended his affidavit for the attachment by inserting another ground for the attachment, to-wit, "that the defendant is a non-resident of the state."

The plaintiff then next filed a motion to strike out the interplea, alleging as grounds therefor that the *first* said interplea states no cause of action; *second*, the wife of a defendant cannot interplead; *third*, said interplea does not allege any ownership in the prop-

erty interpleaded for; *fourth*, according to the allegation in said interplea she can have no ownership in said property; *fifth*, the defendant was proceeded against as a non-resident of the state, and such fact not having been controverted; *sixth*, under the allegation in the affidavit for attachment no exemption as claimed in said interplea can exist, either in defendant or his wife, the interpleader; *seventh*, said affidavit was confessed, and the court was bound to find the allegations therein as true. The justice sustained this motion, and then entered judgment in the attachment suit for the plaintiff. The interpleader thereupon took an appeal to the circuit court, when the plaintiff renewed his motion to strike out the interplea, which was by the court overruled. There was a trial on the interplea which resulted in judgment for the interpleader, from which the plaintiff has appealed.

The appealing plaintiff complains of the action of the circuit court in overruling his motion to strike out the interplea. In this action of the court no error is perceived.

As to the first ground of the motion, it may be observed that section 4908, Revised Statutes, provides that when the articles mentioned in the first, second, third, fourth, fifth, sixth, ninth and tenth clauses of section 4903 of the statute shall belong to a married man, and he, at the time the execution is levied or at any time before sale under it, has absconded or absented himself from his place of abode, his wife may claim said articles, or in lieu of the provisions mentioned in the first and second subdivisions of said section 4903 may select and hold exempt from execution or attachment any other property, not exceeding in value $300, and may receive the same or any other articles mentioned in chapter 63, Revised Statutes, from the officer, and may, if said articles are taken or with-

held from her, *in her own name sue for and recover the same* or the value thereof. And the wife may, we think, hold any property seized in lieu of that mentioned in the first and second subdivisions of section 4903, although the husband does not own the property specified in these subdivisions. *State v. Tilden*, 73 Mo. 37; *Paddock v. Lance*, 94 Mo. 283.

The property levied upon, it was conceded, was only of the value of $143. The wife's right to claim the exemption of this amount of property, under the conditions mentioned in section 4908, cannot be questioned, unless precluded by the provisions of section 539 of the statute, which provides that no property or wages declared by statute to be exempt from execution shall be attached except in case of a non-resident defendant or of a defendant who is about to move out of the state with the intent to change his domicile. Either of these facts, when established, would avoid and defeat the wife's claim to the statutable exemptions.

As the issues arising on the interplea must invariably be determined before a judgment in the attachment can be rendered *(Mfg. Co. v. Bean*, 20 Mo. App. 111; *McElfratrick v. McCauly*, 15 Mo. App. 102), it is plain that the bare allegation of either of these facts in the affidavit for the attachment concludes no one in the trial of the issues on the interplea. There can regularly be no adjudication of these precluding facts in the attachment suit in advance of the trial and judgment on the interplea.

We do not think that even though the facts mentioned in section 539 are made the grounds of attachment, that this of itself necessarily bars the wife's claim to her exemption in the trial on the interplea. If such is the ground of the attachment, the establishment of that fact on the trial of the issues on the interplea would undoubtedly defeat the claim to the property. The

justice by rendering judgment in the attachment before the trial *de novo* on the interplea could not prejudice or impair the wife's full right to claim the exemptions allowed by the statute.    We think the interplea *prima facie* stated a legal claim to the exemption.

The second ground of plaintiff's motion may be disposed of by stating that by the express provisions of the statute, sections 4908 and 572, the right of the wife to sue for and recover the exempt property. is clearly given.    And, as to the third and fourth grounds of the motion, it is sufficient to say that the interplea states all the facts essential to entitle the interpleader to the beneficent provisions of the statute she invokes.

The plaintiff's fifth ground of objection has been already sufficiently noticed,    We may add, however, that the mere fact alleged in the affidavit that defendant was "a non-resident of this state," though not in any way controverted by defendant, could not of itself constitute a conclusive bar to the interpleader's right of exemption available to plaintiff in the trial of the issues on the interplea.    And this last remark is applicable to the plaintiff's sixth ground of objection to the sufficiency of the interplea.

As to the plaintiff's last objection, we may state that there is nothing in the interplea which lends support to the idea that it confesses the allegation of the affidavit that defendant was not a resident of this state.    The defendant could abscond or absent himself from his place of abode without becoming a non-resident of the state.    The former is not necessarily a resulting consequence of the latter.

No point is made in the plaintiff's brief in respect to the giving or refusing of instructions.    Those given for the interpleader seem to be substantially correct. The instructions asked by the plaintiff embrace in their hypotheses certain facts of which there is no evidence.

The evidence not being presented by the abstract in any form, we are not at liberty to undertake a review of the action of the court in refusing the same.

The judgment must be affirmed. All concur.