## Chance v. Norris, *Appellant.*

### Division Two, March 15, 1898.

**Execution Sale**: HOMESTEAD EXEMPTION. A sheriff's deed can not be set aside because the property, which it conveys, might have been exempted if the exemption had been claimed, but was not, nor because the officer failed to notify the judgment debtor of his exemptions, the judgment debtor having no interest in it at the time it was sold, and the judgment being a lien on the property at the time defendant bought it from such debtor.

*Appeal from Boone Circuit Court.*—Hon. John A. Hockaday, Judge.

Affirmed.

*H. S. Booth* for appellant.

(1) As Shock owned no other property he had a right to select these lots and claim them exempt in lieu of the property mentioned in the first and second sub-divisions of section 4903, Revised Statutes 1889. R. S. 1889, sec. 4906. *Finley v. Barker,* 110 Mo. 408. (2) The overt act of Shock in deeding these lots away to a third party before they were levied upon by the sheriff, was, in effect, a declaration to the judgment creditor and to the public that he claimed the real estate in controversy as exempt, and therefore a good title passed from Shock and wife to the appellant by the conveyance on March 19, 1894, and that no title passed by the sheriff's deed to the respondent, in November 22, 1894. Shock had a right to claim $300 worth of property as exempt, which he did in plain, unmistakable terms by making the deed to the appellant on March 19, 1894. *The State ex rel. v. Blome,* 73 Mo. 37; *Paddock v. Lance,* 94 Mo. 283.

*Joe H. Cupp* for respondent.

The sheriff's deed was regular and was *prima facie* evidence of the facts therein stated. *Carpenter v. King*, 42 Mo. 219; *Perkins v. Quigley*, 62 Mo. 498. (2) The transcript of the judgment and the record thereof were both competent and relevant testimony and were properly admitted. *Sachse v. Clingingsmith*, 97 Mo. 406. (3) Plaintiff's contention that the sheriff's deed conveyed no title, for the reason that the property was exempt property, is not tenable, as this was not property specifically exempt but belonged to that class of property which the debtor must claim in lieu of other property and although the officer failed to notify the debtor of his rights yet the debtor should manifest his intention; and failing to do so he thereby waives his right. *Alt v. Lafayette Bank*, 9 Mo. App. 91. (4) Again, the sheriff's deed was not subject to collateral attack in this manner. The conveyance was good except for fraud. *Sachse v. Clingingsmith*, 97 Mo. 406. (5) There is no allegation in appellant's answer that there was any claim of exemption nor that the sheriff failed to notify the execution debtor of his right of exemption, and the trial court could not base a decree on a state of facts not set up in the pleadings. *Paddock v. Lance*, 94 Mo. 283; *State to use v. Koch*, 47 Mo. App. 272.

GANTT, P. J.—This is an action of ejectment for two lots, eleven and twelve, in block 5 in the original town of Centralia, Boone county. The petition is in the usual statutory form. The answer is a general denial, and defendant further states that long prior to June 15, 1894, defendant purchased said property from G. E. Shock for value received, and the same was conveyed to her by warranty deed, which deed was put of

record on the same date, and defendant has been in possession ever since. Defendant further answering, says that at the time she bought said lots, and long prior thereto they were, under the exemption statute of the State, exempt from execution and sale for the debts of said Shock, he being then, as now, the head of a family, and that the execution sale and attempted conveyance of said lots by sheriff's deed to plaintiff passed no title to said lots, and that defendant is the legal owner and entitled to possession of same. The reply was a general denial. There was judgment for plaintiff, and defendant appeals. No instructions were asked or given. No exceptions to evidence were taken or saved.

The evidence disclosed that one G. E. Shock became the owner of the lots in suit by deed from J. M. Shock dated November 1, 1883, and recorded November 3, 1883. That on April 22, 1892, J. A. Chance obtained judgment against said G. E. Shock in a justice court. That execution issued returnable in ninety days and was duly returned July 22, 1892, "no property found in Boone county whereof to make levy of said writ." That a transcript of the judgment duly certified was filed for record in the clerk's office and recorded February 2, 1894. That G. E. Shock and wife conveyed said lots to defendant by deed dated and recorded March 19, 1894. That on May 11, 1894, an execution duly issued from the office of circuit clerk of Boone county, these lots levied upon and sold to satisfy the judgment. Neither at the time of the levy nor the day of sale did Shock select these lots as exempt. The defendant does not plead that Shock made any claim of exemption at the time of the levy or that the officer failed to notify him of his rights. The theory of the defendant is that the lots were exempt simply because Shock owned no other property when he sold them to

her and they were worth only $150, less than the exemptions secured to him by our statutes. R. S. 1889, sec. 4907. No claim of homestead or other specific exemption is asserted.

It is settled law in this State that a sheriff's deed can not be set aside on the ground that property might have been exempted if it had been claimed, but was not, nor because the officer failed to notify defendant of his exemptions. *Paddock v. Lance*, 94 Mo. 283; *Finley v. Barker*, 110 Mo. 408. In this case the debtor had no interest in the property at the time of the levy and sale. The judgment was unquestionably for the right party and is affirmed. BURGESS and SHERWOOD, JJ., concur.