St. Louis Brewing Association, Appellant, v. Howard.

Division One, June 14, 1899.

1. **Execution:** APPRISING DEFENDANT OF EXEMPTIONS. Where no property of the character specified in sections 4902, 4903 and 4906 (R. S. 1889) has been levied upon by the sheriff, his failure to apprise the execution debtor according to section 4907 of his exemptions, before he levies upon land, does not make the levy and sale thereunder void.

2. ———: ———: HOMESTEAD. And if the execution debtor has no homestead right in the land, the failure of the sheriff to apprise him of his homestead right and give him an opportunity to designate what part he will elect as a homestead, or to appoint appraisers in case of his refusal to elect, does not make the sale void.

3. ———: NOTICE OF LEVY: FILED WITH RECORDER. Where the transcript of a judgment rendered before a justice of the peace was filed and recorded in the office of the circuit clerk of a county other than that in which the judgment was rendered, it was not necessary under section 4922 for the sheriff to file a notice of a levy, thereafter made, in the office of the recorder of the county in which such transcript was filed, the judgment being a lien on the land from the filing the transcript.

4. ———: HOMESTEAD: HOW DETERMINED. The homestead rights of the execution debtor are fixed by a visible occupancy of the premises as the head of a family at the time of the levy of the writ.

5. ———: ———: ———: CASE STATED. The defendant had, at the time he was a single man and in no sense the head of a family, lived on the property four years, and then left it and lived in a neighboring town. Afterwards he married and lived in a town in another county, but had some stock on a part of the property not rented out to a tenant, but had no house or furniture there, and his wife never was on the property but once and then as a visitor to the tenant, nor did the defendant occupy it visibly or actually after his marriage with her, and at the time of the levy he was living in a rented house in town, where he was in business, but all the time he claimed the property levied on as a homestead and had an intention to return to it at some future time. *Held*, that defendant had no homestead in the property.

*Appeal from St. Francois Circuit Court.*—HON. JAMES D. FOX, Judge.

REVERSED AND REMANDED (*with directions*).

CARTER & WEBER for appellant.

(1) A homestead right acquired after the judgment lien had attached to the premises, if any such right was ever acquired, would be unavailing. Bunn v. Lindsay, 95 Mo. 250; Finnegan v. Prindeville, 83 Mo. 522; Kaes v. Gross, 92 Mo. 655. (2) If the respondent had at any time prior to the filing of the transcript judgment in Washington county acquired any homestead right in the premises sold under execution, which we insist he did not do, then he had lost such homestead right by abandonment, as shown by the testimony. Smith v. Bunn, 75 Mo. 559; Hufschmidt v. Gross, 112 Mo. 655. (3) The court erred in setting aside said sale upon the second ground assigned in respondent's said motion, because the sheriff of Washington county did not levy upon, or sell any of respondent's personal property that would be exempt from levy and sale under section 4903 or any personal prop-

erty, and respondent having failed and neglected to make any claim to his exemption under section 4906, and that, too, after he had been notified by the sheriff of St. Francois county of the issuance of the execution to the sheriff of Washington county, and of his exemption rights, can not avail himself of such exemptions upon this motion.    Stotesbury v. Kirtland, 35 Mo. App. 148; Garrett v. Wagner, 125 Mo. 450.    (4) Appellant had caused to be filed in the office of the clerk of the circuit court of Washington county, a certified copy of the original judgment rendered against respondent in the circuit court of St. Francois county in favor of appellant long before the issuance of said execution and the levy thereof by the sheriff of Washington county, and which had become a lien upon the premises levied upon and sold by said sheriff and therefore obviated the necessity of said sheriff filing any notice of his levy.    Secs. 4922 and 6049, R. S. 1889.

D. L. RIVERS for respondent.

MARSHALL, J.—The plaintiff obtained judgment against the defendant, in the circuit court of St. Francois county on the 18th of May, 1894, for $389.85, and on the 10th of June, 1894, a transcript of the judgment was filed and recorded in the office of the clerk of the circuit court of Washington county.    Thereafter on the 10th of July, 1895, the plaintiff caused two executions to be issued by the circuit court of St. Francois county, one directed to the sheriff of St. Francois county and the other to the sheriff of Washington county.    The sheriff of St. Francois county notified defendant personally of the fact that he held the execution issued to him against him, and properly informed defendant of his exemption rights under the statute, and called his attention to some property in St. Francois county which he thought defendant owned, but he said he had nothing.  At the same time, to wit, on the 31st of July, 1895, the sheriff of St. Francois county served upon defendant a notice, in writing, from the plaintiff,

dated July 22d, 1895, of the issuance of the execution against him, by the circuit court of St. Francois county directed to the sheriff of Washington county. At that time the defendant was living at Elvins, in St. Francois county, and the notice was served on him there. Before this notice was served, to wit, on the 23d of July, 1895, the sheriff of Washington county had levied the execution directed to him on the southwest quarter of the southwest quarter of section ten, and the west half of section fifteen, and the north half of the northeast quarter of section fifteen, in township thirty-five, north, range three, east, aggregating 440 acres, in Washington county, and thereafter on the 27th of August, 1895, without any further notice or procedure, sold the land in two parcels, one for $75 and the other for $100, and the plaintiff became the purchaser, and on the 27th of August, 1895, the sheriff made a deed thereof to the plaintiff. The execution was returnable on the 2d Monday in November, 1895, to the circuit court of St. Francois county, and on the 12th of November, 1895, being the second day of the return term of the execution, the defendant filed a motion in the circuit court of St. Francois county to set aside and quash the sale, based upon the following grounds:

"First. Because the said defendant is a housekeeper and the head of a family, and as such is entitled to a homestead in such lands, and the said sheriff, in whose hands the execution was placed, failed to apprise defendant of his rights of exemption as required by statute, and levied upon and sold said property without giving defendant an opportunity to select a homestead, which homestead he now claims and ever has claimed.

"Second. Because said defendant is the head of a family, and as such, is entitled to hold exempt from execution levy and sale the property to the amount limited in said section 4903, R. S. of Missouri, 1889, and at the time of the levy of this execution defendant had no opportunity to select the same.

"Third. Because no notice was given defendant of the issue of the execution, to the sheriff of Washington county, as required by the statute, and no notice of levy of said execution on the said land was filed by the said sheriff as the law requires, in the office of the circuit clerk and recorder of Washington county, Missouri.

"Fourth. Because said lands were sold *en gross* and not in parcels, such as would have proved most inviting to bidders, and thus realized the greatest sums for the interest of the parties, but offered and sold the same as one piece, etc."

Upon the hearing of this motion it appeared that the 440 acres were deeded to the defendant and his brother George W. Howard, by their father, on the 22d of November, 1886, and that the brothers divided the property between them, the defendant getting one hundred and sixty acres, which was worth from one thousand to twelve hundred dollars; that defendant's first wife died in 1883, without issue, and that he married again on the 30th of July, 1893, and has one child by that marriage; that after he acquired the property he lived on it for about four years; that he had lived at Bonne Terre in St. Francois county for eleven years; that in 1894 he lived at Flat River in St. Francois county, and was engaged in the saloon business; that in 1895 he lived at Elvins, in St. Francois county, and was also engaged in the saloon business; that he had never lived on this property after his second marriage in 1893; that for the four years next before the sheriff's sale most of the property was rented to Berryman, with whom defendant boarded when there; that defendant kept some stock on the part not rented, but had no furniture there; that in June, 1895, defendant commenced to build a house upon this land, and that in July, 1895, he lived at Elvins in a house rented from Mr. Elvins; that in August, 1895, he lived part of the time at Flat River and part of the time on this property, and finally gave up the house at

Elvins about the first of September, 1895. The defendant claims that although he has been away from the property as above stated, he still claimed it as his home, and always intended returning to it. The circuit court sustained the motion and set aside the sale, and the plaintiff appealed to the St. Louis Court of Appeals, which court certified the case to this court because the title to real estate is involved, as construed in McAnaw v. Mathis, 129 Mo. 142.

## I.

The defendant claims that the property sold by the sheriff of Washington county was his homestead, and that the sale by that sheriff is void because he failed to notify him of his right of exemption.

It may be conceded that it is the duty of a sheriff under section 4907, R. S. 1889, before he levies an execution to appraise the defendant of the property exempt under sections 4902, 4903 and 4906, and that if he levies upon a homestead and fails to so notify the defendant and fails to give him an opportunity to designate what part he will retain as a homestead (if the value of the land levied on exceeds the homestead exemption) or in case of his refusal to designate, he fails to appoint appraisers as required by section 5436, the sale will be void and will pass no title. [Vogler v. Montgomery, 54 Mo. 577; Brown v. Hoffmeister, 71 Mo. 411; State ex rel. v. Beamer, 73 Mo. 37; State ex rel. v. Barnett, 96 Mo. loc. cit. 138; Paddock v. Lance, 94 Mo. 283; Peake v. Cameron, 102 Mo. 568; Finke v. Craig, 57 Mo. App. 393; Macke v. Byrd, 131 Mo. 682; Ratliff v. Graves, 132 Mo. 76 (overruling Casebolt v. Donaldson, 67 Mo. 308; Crisp v. Crisp, 86 Mo. 630; Thompson v. Newberry, 93 Mo. 18, and Schaffer v. Beldsmeier, 107 Mo. 314); and Bank of Versailles v. Guthrey, 127 Mo. 189.] Still this will not help the defendant in this case, because, first, there was no property of the char-

acter specified in sections 4902, 4903 and 4906, levied on under this execution, and there was therefore nothing of that character of property for defendant to claim as exempt, or to elect which should be sold first, as provided by section 4926; and, second, because the defendant clearly had no homestead right in this property. It may also be conceded that the sheriff of Washington county did not file a notice of the levy in the office of the recorder of deeds, under section 4922, but that does not affect this case, for that section only requires such a notice to be so filed, where the judgment is not already a lien on the property, and in this case the judgment had been a lien on this property for more than a year before the execution was levied on it.

The defendant proceeded upon the idea that he could leave the property, be absent for years, engage in business elsewhere, keep his family in other places, live in rented houses and yet if all the time he claimed the property as a homestead and had an intention to return to it at some future time and occupy it as such, it was still his homestead in law, and hence exempt from sale under legal process. In this, he was in error, for whilst such *animus revertendi* would preserve his residence in this State, it would not preserve his right to a homestead in this property, even if under the evidence in this case it could fairly be said that he ever had such a homestead right, which we do not think the evidence warrants, for it is a visible occupancy of the premises as the head of a family at the time of the levy of the writ which fixes the homestead rights of the defendant. [Beckmann v. Meyer, 7 Mo. App. 577; Ibid, 75 Mo. 333; Finnegan v. Prindeville, 83 Mo. 517; Jackson v. Bowles, 67 Mo. 609; Graham v. Lee, 69 Mo. 334.] There is no other way in which it can be made to appear beyond cavil, question or the possibility of fraud on creditors, than by actual, visible occupancy. This occupancy is always *prima facie* evidence to any officer of the law charged with the execution of a writ that it is a homestead, and the absence of

such evidence at the time of the levy is the only safe criterion by which to gauge the intention of the defendant touching the character of the possession.

This record shows that the defendant had formerly lived on the property for four years, but at that time he was a single man and in no sense the head of a family and hence had no homestead rights in it. He left the place and lived for years at Bonne Terre, in St. Francois county. Afterwards he married and lived at Flat River and at Elvins in St. Francois county, but although he had some stock on a part of the property not rented out to a tenant, still he had no house or furniture there and his wife never was on the property but once and then only on a visit to the tenant. He never occupied it visibly or actually after his second marriage in 1893, and at the time of the levy in July, 1895, he admittedly was living at Elvins, keeping house with his family there, and did not leave there until August, 1895 (after the sale under the execution), when he went to Flat River for a while and then to the property. Manifestly therefore the defendant never had any homestead rights in the property at the time of or at any time prior to the levy of the execution, and he could acquire none thereafter as against the execution.

All the requirements of the law were complied with in the levy and sale, and the purchaser obtained a good title. It follows that the judgment of the circuit court must be reversed and the cause remanded to that court with directions to set aside and vacate its order setting aside and quashing the sale. It is so ordered.

All concur. BRACE, J., in the result only.