## IRONDALE BANK, Respondent, v. TERRILL, Appellant.

St. Louis Court of Appeals.  Argued, January 13; Opinion Filed February 9, 1909.

1. **EXECUTIONS: Motion to Set Aside Levy.**  The right to attack a levy and sale under execution at the return term of the same prevails in this State, on the ground that every court is vested with the power to prevent the misuse or abuse of its process.

2. ———: **Judgment on Amended Petition.**  A judgment upon an amended petition which was not served upon the defendant is sufficient to sustain an execution.

3. ———: **Homestead: Exemptions.**  The head of a family cannot have a homestead exempt from execution in two counties at once, nor claim a homestead upon which neither he nor his family resides at the time.

4. ———: **Exemptions: Notice.**  It is the duty of a sheriff, in serving an execution, to apprise the execution defendant of his exemption rights under sections 3159, 3162 and 3163, Revised Statutes 1899, whether the execution issues out of the court of his own county or from the court of another county in this State, and such duty is not directory merely, but is mandatory.

5. ———: ———: **Setting Aside Levy: Innocent Purchaser.**  Where property exempt from execution, other than homestead, has been sold under execution, so that the process is beyond the control of the court, to an innocent purchaser for value, the sale at a subsequent term will not be set aside or the title of the purchaser disturbed; the remedy is against the officer and

his sureties on his official bond; but if the attack is made directly by motion to set aside at the return term of the execution, the levy and sale may be set aside.

Appeal from Washington Circuit Court.—*Hon. Jos. J. Williams,* Judge.

REVERSED AND REMANDED.

*M. E. Rhodes* and *Chas. H. Richeson* for appellant.

*Edw. T. Eversole* for respondent.

STATEMENT.—This is an appeal from the action of the circuit court of Washington county in overruling a motion to set aside a levy on real estate in St. Francois county, made under an execution issued out of the circuit court of Washington county and directed to the sheriff of St. Francois county, on a judgment of the Washington Circuit Court, in favor of respondent and against the appellant and one Queen. The execution, dated October 24, 1904, is made returnable to the first Monday of the March term, 1905, was returned into court as executed by sale on December 23, 1904, of one town lot for $150, and by sale on January 19, 1905, of another lot for $165, a total of $215, and was returned "satisfied," the judgment being for $264.74 debt and $14.05 costs. The motion was sworn to by appellant, March 6, 1905, the cause was heard by the court, March 8, 1905—at the March term of the court—and while the dates of filing of the return on the execution and of the motion are not given, March sixth was the first Monday of the March, 1905, term, so that the motion seems to have been filed on the first, second or third day of that term. The grounds of the motion are that the sheriff of St. Francois county failed to notify the defendant in the execution (appellant here) of his levy upon the two lots in St. Francois county as the property of appellant and failed to apprise appellant of his

rights as the head of a family, "to exemptions from execution as provided by law," and because the sheriff did not give appellant "an opportunity as the law required to avail himself of the provisions of the law relating to exemptions from execution to the head of a family," as required by section 3163, Revised Statutes 1899. As a further ground for setting aside the levy, it is claimed that the property was sacrificed at a price grossly below its value. The further claim is made that the judgment of the circuit court of Washington county was irregular because that court had lost jurisdiction of the cause by reason of the fact that the judgment was had on an amended petition, filed at the same term at which the judgment was rendered; that the defendants below were not served with a copy of the amended petition and that the judgment was therefore void for want of jurisdiction, and that the sale under the execution on the judgment was consequently void.

It appears from the evidence in the case that the appellant, at the time of the rendition of the judgment and issue of the execution to St. Francois county and of the sale of the property by the sheriff of that county, resided at or near Irondale, in Washington county, about four miles from the St. Francois county line, and that he was the head of a family, and that the property sold in St. Francois county consisted of two town lots, on one or more of which there were buildings which appellant had rented out. He had never lived on the property himself but on the contrary, as before stated, he and his family resided in Washington county, in which county it seems he had property worth from a thousand to twelve hundred dollars, although the evidence is not very clear as to what it consisted of; that is to say whether it was property of the kind specified in section 3159, Revised Statutes 1899, or real property.

It does not appear that any transcript of the judgment was ever filed with the clerk of the circuit court of St. Francois county, and there is no pretense that the sheriff of St. Francois county ever apprised defendant "of the property exempt under sections 3158, 3159 and 3162, and his right to hold the same as exempt from execution,"—as provided by section 3163.

At the hearing of the motion, the respondent introduced in evidence a notice signed, "Irondale Bank," by its cashier, directed to John Terrill, Washington county, Missouri, notifying him that the Irondale Bank had caused an execution to be issued against him "in the matter of the suit on note of Irondale Bank against John Terrill and E. M. Queen," on which judgment was obtained in the circuit court of Washington county on the seventeenth day of October, 1904; that the execution was issued on the twenty-fourth of October of the same year, directed to the sheriff of St. Francois county, Missouri, returnable to the March term, 1905, of the circuit court of Washington county, "it being the purpose of the said bank to cause to be sold real estate, if any found by said sheriff of St. Francois county, in said county, belonging to you, to satisfy said judgment and the costs." This notice was served on Terrill by a constable of Concord township, in Washington county, on the twenty-eighth of October, and filed in the office of the clerk of the circuit court of Washington county on the thirtieth of November, 1904. Terrill prayed an appeal to the Supreme Court which was granted but the cause was subsequently, on motion, transferred by the Supreme Court to this court, "it appearing to the satisfaction of that court that it was without jurisdiction in the cause."

REYNOLDS, P. J. (after stating the facts).—The right to attack the levy and sale at the return term of the writ of execution was settled by this court in the case of Finke v. Graig, 57 Mo. App. 393, on the authori-

ty of American Wine Co. v. Scholer, 13 Mo. App. 345, and of Ray v. Stobbs, 28 Mo. 35, the ground being that every court is vested with inherent power to prevent the misuse or abuse of its process. It is further said in the Finke case, supra, that this jurisdiction has been exercised upon motion made on the first day of the term after the sale, although a prior deed has been executed in consummation of such sale. Whether any deeds have been executed and delivered in this case does not appear, but it does appear that the motion was made on the first day of the return term of the execution.

The proposition as to the judgment being void for the reason stated in the motion is untenable. Defendant was in court; whether he was served with a copy of the amended petition or not, or whether there were other irregularities connected with the rendition of the judgment, it was a final judgment, which would sustain an execution.

It is also evident that the appellant had no right of homestead in the property in St. Francois county. He lived and had his home in Washington and not in St. Francois county. One cannot have a homestead in two counties at once, nor can he claim a homestead in property upon which neither he nor his family at the time resides. [St. Louis Brewing Association v. Howard, 150 Mo. 445.]

There was no testimony in the case as to the value of the lots levied upon and sold from which we can infer that they were sacrificed at a grossly inadequate price, therefore, the proposition of the appellant on this point is untenable. The claim of respondent, that the price brought at the sale is the measure of value, is not, however, correct under the facts in this case.

The substantial point for determination in this cause arises over the failure of the sheriff of St. Francois county, before levying upon the lots in his county, under the execution in his hands from the circuit court of Washington county, to apprise appellant, one of the

defendants in the execution and the only defendant whose property was levied upon, "of the property exempt under sections 3158, 3159 and 3162, and his right to hold the same as exempt from attachment and execution," and whether his failure to do so deprived appellant, being the head of a family, of the right, "at his election, in lieu of the property mentioned in the first and second subdivisions of section 3159," to "select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages. not exceeding in value the amount of $300." This section 3162, was amended (Session Acts, 1903, p. 195) by the addition of the words, "except ten per cent of any debt, income, salary or wages due such head of a family."

After a very careful consideration and examination of the cases in which these sections (3162 and 3163) have been before our courts, we can come to no other conclusion than that it was the duty of the sheriff of St. Francois county to have apprised appellant of his rights under the law. Under these sections there is no discretion left in the officer into whose hands an execution comes. Whether that execution issued out of the court of his own county or from the court of another county of this State, section 3163 is explicit as to the duty of the officer. Section 3162 is equally clear in giving the right of selection to the defendant in any execution issued against him. We have found no case in which these sections have been held to be directory merely. When in disregard of them and of the law relating to homesteads, the homestead is sold, our courts have invariably held the sale void. See St. Louis Brewing Association v. Howard, supra, where at page 450, Judge MARSHALL has collated the cases bearing upon this proposition. See, further, Tapley v. Ogle, 162 Mo. 190. When the property outside of the homestead has been sold and the process of the court executed so that it is beyond the control of the court, and the property has gone into the hands of an innocent holder for value,

while the law will mulct the officer and his sureties on his bond for the failure of the officer to perform his duty the courts have held that they will not, for the failure of the officer, disturb the title of the purchaser. A reference to these cases on this point is also instructive, as showing how strictly our courts have always held the officer to the discharge of the duty imposed upon him by section 3163. In illustration of this proposition, we cite and quote a few of the cases, mainly actions on the sheriff's or constable's bond for failure to have apprised the defendant in the execution of his rights.

In State to use Reagan v. Romer et al., 44 Mo. 99, an action on a constable's bond, the court held him liable because he had not notified defendant of his rights; the officer even refused to allow the debtor to avail himself of his exemptions after claiming them, and the court pronounced his act "wrongful, oppressive and contrary to the mandates of the statute."

In State to use Conklin v. Barada et al., 57 Mo. 562, also a suit on a constable's bond, the court held (l. c. 567) that it is the duty of the officer to apprise the defendant of his rights—"the whole subject-matter of the debtor's protection seems committed to that officer, and none other is designated for any step in the process."

See also State ex rel. Tilden v. Beamer, 73 Mo. 37, a suit on a sheriff's bond.

In Paddock v. Lance, 94 Mo. 284, a suit in equity to set aside deeds, it is held to be the plain statutory duty of the officer to notify the defendant in the execution of his right of exemptions and selection under the sections of the statute referred to. See also Finley v. Barker, 110 Mo. 408; Chance v. Norris, 143 Mo. 235, and Hudson v. Wright, 204 Mo. 412. In this latter case, which did not involve a homestead, Judge Lamm says, at page 426, that the question under consideration is, "whether a failure on the part of the officer holding

the execution to apprise Hudson of the chattels exempt
under sections 3159 and 3162, *supra,* and apprise him
of his right to hold the same or an equivalent value
as exempt from execution sale, of itself renders the sale
and deed void?" The learned judge then says that "it
cannot be held that the punishment meted out on non-
compliance with section 3162, *supra,* goes so far as to
make void an execution levy and sale of real estate."

In not one of the cases referred to is there the
slightest suggestion that section 3163 is merely direc-
tory or that it lodges any discretion in the hands of the
officer having the execution.

Much reliance is placed by counsel for respondent
on a statement of the judge who delivered the opinion
of the court in the case of St. Louis Brewing Associa-
tion v. Howard, *supra,* where, at page 450, after refer-
ring to the fact that it is the duty of a sheriff, under
what is now section 3163, Revised Statutes 1899, before
he levies an execution, to apprise the defendant of the
property exempt, and that if he levies upon a homestead
without notifying the defendant, the sale will be void
and will pass no title, the learned judge adds: "Still
this will not help the defendant in this case, because,
first, there was no property of the character specified
in section 4902, 4903 and 4906," (now section 3158, 3159
and 3162, R. S. 1899) "levied on under this execution,
and there was therefore nothing of that character of
property for defendant to claim as exempt, or to elect
which should be sold first, as provided by section 4926;
and, second, because the defendant clearly had no home-
stead right in this property." An examination of this
case will show that the real contention before the Su-
preme Court and in the lower court was over the claim
which the defendant in the execution set up to what
might be called a double homestead. In point of fact, an
examination of the brief of counsel shows that this was
the real contention and claim on the part of the defend-
ant in the execution in that case and was directed solely

to this homestead claim and that neither his counsel nor the court paid any particular attention to any question outside of that. Furthermore, it appears by the brief of counsel (page 447) that the defendant in the execution had been notified by the sheriff of the county in which he had his home, of the issuance of the execution to the sheriff of another county, *"and of his exemption rights."* Certainly the learned judge who delivered that opinion, and his associates who concurred with him in it, did not intend, by the language above quoted, to, in effect, annul the provisions of sections 3162 and 3163, as would be the result, if these remarks are to be understood in the sense claimed by respondent. At all events the facts in that case do not fit this case, for here it is in evidence that the appellant had from ten to twelve hundred dollars in value of property in Washington county, as well as these very lots, to which property section 3162 could apply, and, as said by Judge SHERWOOD, in State ex rel. Tilden v. Beamer, *supra,* (1. c. 38), "It was altogether immaterial whether relator was the owner of the property mentioned in the first and second subdivisions of section 9 (now 3159) or not. If he owned that property he had the right to exercise the election given him by section 11 (now 3162). If he did not own such property, still his right under the last mentioned section remained." We are not prepared to hold that an obviously casual remark of the learned judge in the case of St. Louis Brewing Association v. Howard, *supra,* overruled the case last referred to in 73 Mo., as well as the principle so clearly laid down in all of the cases in which the matter has come before our courts and also practically nullified section 3162, until compelled to do so by authority to which we are bound to yield.

In the case at bar we have a direct attack on the levy; that attack made at the beginning of the return term of the execution, by appropriate motion, the same mode of proceeding as presented and pursued in Finke

v. Craig, 57 Mo. App. 393. As before noted, this court, in that case, held this to be the proper mode of attack on a levy. That was the first question considered in the Finke case. The second question considered and adjudicated in it is, as to whether the defendant was entitled, under section 3163, to notice of his right of election, and, in unmistakable language, the learned judge who delivered the opinion of this court held that the action of the trial court in sustaining the motion to quash the levy and set aside the sale was proper, the judge saying, "nor have we any doubt that it was the duty of the sheriff to apprise respondent of his exemption rights, notwithstanding the fact that respondent was a resident of a different county from that wherein the judgment was rendered and the land was situated." It is true that the judge added to this the remark, that the evidence disclosed that the defendant in the execution lived in an adjoining county, and was well known to the sheriff and could have been notified of his exemption rights by reasonable diligence. On this language, it is argued by the learned and industrious counsel for the respondent here, that inasmuch as the appellant testified that he did not know the sheriff of St. Francois county, it therefore follows that the sheriff of St. Francois county did not know him. This is a *non sequitur.* Furthermore, the language of Judge BOND is very far from holding that an officer is justified in, or excused from informing himself as to where the defendant in the execution resides and where he could be served with notice. It appears in evidence in this case that the appellant resided at Irondale, in Washington county, which is on the very edge of St. Francois county, and it appears by the notice given in evidence by respondent, that the respondent had no trouble whatever in having the notice of the issue of the execution, which it made out, served on the defendant by the constable of the

township.   The slightest inquiry on the part of the sheriff of St. Francois county would have undoubtedly located the defendant.   Over and above this, however, the statute (section 3163) is imperative and makes no exception of any kind but in plain and unmistakable language says:  "It shall be the duty of the officer in whose hands an execution may come, before he shall levy the same, to apprise the person against whom such execution has issued of the property exempt . . . and his right to hold the same as exempt from attachment and execution."

So solicitous have our law-makers been in protecting the debtor and his family, that by section 3186, the defendant in an execution is given the right to elect what property shall be first sold.

In Garrett v. Wagner, 125 Mo. 450, l. c. 462, it is held that a claim of exemption must be made to avert a threatened seizure or levy, or to defeat a levy already made.

How is the defendant to either designate the property to be sold or to claim his exemptions, if not apprised of his rights by the officer holding the execution?

If it is claimed that the notice given by respondent, of the issue of the execution to St. Francois county, cured the omission of the sheriff, the answer is, that our statutes require both the notice from the execution creditor and the apprisal by the sheriff.   One is not a substitute for the other; both must be given.   To avoid any misconception on this latter observation, we remark that we do not mean to hold in this case or on this matter, that the sheriff must apprise the debtor in the execution of his right by a written notice—but he must, in some clear and explicit mode and manner, apprise him of his right.

In Payne v. Fraley, 165 Mo. 191, it is said by the court (l. c. 196), that while "a liberal interpretation is always to be indulged in construing statutes of exemp-

tions, for the benefit of families, and that what is within the plain meaning and implication of such statutes, is as much a part of them as its strict letter, yet these rules of interpretation are also wholly ineffectual to strike out the letter of an act, or to work their destruction, when they are, as in the act in question, plain and unambiguous." These words are very apposite to this case.

These sections of our statutes relating to executions and exemptions are all carefully drawn and are enacted for the benefit of the unfortunate debtor and his family. They will not be construed away by the courts and they should not be rendered abortive and useless by the urgency of creditors or the carelessness of officials, on the latter of whom they impose an important duty, the faithful performance of which is within, not alone the terms of their bond, but their solemn oath of office.

The action of the lower court in overruling the motion was error and the cause is reversed and remanded for further proceedings in the circuit court, in accordance with this opinion. All concur.