PAUL D. SHEARER, Appellant, v. IRENE E. SHEARER, Respondent, No. 42931—257 S. W. (2d) 636.

Division One, May 11, 1953.

*Robert L. Jackson* and *Wm. Harrison Norton* for appellant.

*Robert S. Burns* for respondent.

LOZIER, C.—Suit to set aside a sheriff's deed. Plaintiff-appellant (herein called plaintiff) appeals from an adverse judgment. As title to real estate is involved, the appeal is properly here. Sec. 3, Art. V, Cons., 2 V.A.M.S., p. 31.

The parties were divorced by a judgment and decree entered January 11, 1950, in the Circuit Court of Jackson County. In that cause, the trial court found that instant defendant-respondent, plaintiff-wife in the divorce suit (herein called defendant), was the innocent and injured party, awarded her the custody of the three minor children, and ordered the defendant-husband to pay her $100 monthly for the

childrens' support and $3000 as alimony in gross and have execution therefor. The defendant-husband was to "have the minor children each Saturday from noon to 8 p. m."

At the time of the divorce, the parties owned a residence in Jackson County (the realty here involved) by the entirety. Some of the furniture and other household goods in the residence were owned by instant defendant and some by the parties jointly.

On February 6, 1950, instant defendant caused a general execution to be issued on the judgment and, on the same day, the sheriff of Jackson County levied upon instant plaintiff's undivided one-half interest in the residence. Notice of the time and place of sale was given by publication. Sec. 513.205. (All section references are to both RSMo 1949 and V.A.M.S.) At the sale, held on March 13, 1950, defendant purchased plaintiff's said interest for $1500, and thereafter received the sheriff's deed which plaintiff seeks to have set aside in this action.

Plaintiff testified that after the divorce he continued to reside and work in Jackson County. He said that he first learned of the issuance of the execution, levy and sale in May, 1951, when his wages were garnisheed for the balance of the award for alimony in gross and for delinquent monthly allowances for the childrens' support. Defendant testified that, between the times of the issuance of the execution and the sale, she did not know where plaintiff was residing or working, where he could be contacted or "whether he was in Kansas City or not." However, during that time, she received checks from him weekly and saw him Saturday nights "when he brought the children home." She stated that the sheriff had never asked her plaintiff's address and that she had never told plaintiff of the issuance of the execution, levy and sale. The trial court found that she had "opportunity to notify" plaintiff but neither notified him nor caused the sheriff to notify him.

Sec. 513.095 is: "The person against whom any execution shall be issued may elect what property, real or personal, shall be sold to satisfy the same; and if he give to the officer a list of the property so selected sufficient to satisfy such execution, the officer shall levy upon the property, and no other, if in his opinion it is sufficient; if not, then upon such additional property as shall be sufficient."

Plaintiff's sole contention is: Sec. 513.095 "creates a positive and absolute right to a judgment-debtor to elect the property to be sold to satisfy a judgment, and creates a positive obligation on a judgment-creditor and the sheriff serving an execution to satisfy a judgment, where the whereabouts of the judgment-debtor is known to the judgment-creditor, to notify the judgment-debtor of the issuance of the execution and the prospective sale by the sheriff under the execution."

We shall assume without deciding that the execution could have been wholly or partially satisfied by a levy upon plaintiff's interest in the furniture and other household goods. Under Sec. 513.095, plaintiff had the right to elect what property, real or personal, should

be sold to satisfy the execution, and to give to the sheriff a list of the furniture and household goods upon which to levy. But Sec. 513.095 [638] contains neither an express provision as to any notice to the judgment debtor of the issuance of the execution nor any language suggestive of any duty upon either the sheriff or the judgment creditor to notify the judgment debtor. Neither does Sec. 513.100, relating to the judgment debtor's right of selection after a levy and before the sale. (As stated, the notice of sale was given by publication under Sec. 513.205.)

Nearly a century ago, this court said: "Now it will be seen that the law is silent as to any notice to the defendant in the execution being requisite to constitute a valid levy, * * *. The twenty-fifth and thirty-fourth sections of the act regulating executions giving the defendants the right to elect on what property executions shall be levied, and the order in which the property shall be offered for sale [1 RSMo 1855, pp. 742, 744, now Secs. 513.095 and 513.100], are silent as to notice by the sheriff to those defendants. This is a subject for legislation, and the courts cannot, without assuming duties which do not properly belong to them, make rules in relation to it. * * * The law seems to have left to defendants, against whom executions have been issued, the duty of taking notice of the fact." Duncan v. Matney, 29 Mo. 368, 375-376, 77 Am. Dec. 575.

The significance of these omissions (in Secs. 513.095 and 513.100 of any requirement of notice to the judgment debtor) is emphasized by other sections which specifically require the judgment creditor, under certain circumstances, to notify the judgment debtor of the issuance of the execution. Secs. 513.225 and 513.230 expressly make it the duty of the judgment creditor to give to a Missouri judgment debtor such a notice in the instance of levy upon and sale of land in a county other than that in which such judgment debtor resides.

While plaintiff does not contend that he was entitled to notice under the *exemptions* statutes (which Secs. 513.095 and 513.100 are not), the only case he cites is Irondale Bank v. Terrill, 135 Mo. App. 472, 116 S. W. 481. In that case, the levy was upon land in another county and the judgment creditor gave the notice required by what are now Secs. 513.225 and 513.230; but the officer failed to notify the judgment debtor of his *exemption* rights as the head of a family under what is now Sec. 513.435. Upon the instant record, plaintiff was not, and he does not here claim to be, the head of a family.

The judgment is affirmed. *Van Osdol* and *Coil, CC.,* concur.

PER CURIAM:—The foregoing opinion by LOZIER, C., is adopted as the opinion of the court. All the judges concur.